Robert L. BLEVINS, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNIT-
ED STATES DEPARTMENT OF LA-
BOR, Respondent.

No. 81–3181.

United States Court of Appeals,
Sixth Circuit.

Argued May 7, 1982.
Decided July 8, 1982.

Elizabeth Ann Rowland, Rowland & Row-
land, P.C., Knoxville, Tenn., for petitioner.

Joseph T. Bednarik, U. S. Dept. of Labor, Washington, D. C., for respondent.

Before JONES and KRUPANSKY, Circuit Judges, and GILMORE,[*] District Judge.

NATHANIEL R. JONES, Circuit Judge.

Petitioner Robert L. Blevins (hereinafter claimant) seeks review of the order of the Benefits Review Board (BRB) dismissing as untimely his appeal from the decision of the Administrative Law Judge (ALJ) denying him black lung benefits. In addition, claimant asks this Court to reverse the decision of the ALJ because it is not supported by substantial evidence. For the reasons stated below, we affirm the decision of the BRB dismissing claimant's appeal and, accordingly, decline to review the merits of the ALJ's decision.

### I.

Blevins filed his claim for black lung benefits with the U. S. Department of Labor on January 12, 1975. This claim was denied administratively on March 22, 1979. After claimant was given an opportunity to submit additional evidence, his claim was again denied on August 15, 1979. Pursuant to notice, a formal hearing was held in Knoxville, Tennessee before ALJ John D. Henson. By Decision and Order dated October 29, 1980, the ALJ found that the claimant was not entitled to benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901 et seq.

Claimant received a copy of this decision on November 4, 1980. The last page of the ALJ's decision contained the following notice:

NOTICE OF APPEAL RIGHTS. Pursuant to 20 C.F.R. § 725.481, any party dissatisfied with this Decision and Order may appeal it to the Benefits Review Board within 30 days from the date of this decision by filing a Notice of Appeal with the Benefits Review Board, Suite 747, 1111 20th Street, N. W., Washington, D. C. 20036.

By letter dated December 3, 1980, claimant filed a notice of appeal with the BRB, stating that he had not filed sooner because, as a result of his stepfather's death, he was required to travel to Kentucky in order to care for his invalid mother. The BRB, on January 30, 1981, denied claimant's appeal as untimely. Claimant then retained counsel who filed a timely petition for review with this Court. On March 31, 1981, counsel for the claimant also requested that the BRB reconsider its order dismissing the claimant's appeal as untimely. This request was denied on June 16, 1981.

### II.

Before this Court, claimant asserts that the BRB abused its discretion by failing to hear his appeal. We disagree.

The Black Lung Benefits Act (BLBA), 30 U.S.C. §§ 901 et seq., provides that miners who are totally disabled by black lung disease (pneumoconiosis) are entitled to benefits which are paid either by his employer or from the Black Lung Disability Trust Fund to which mining companies contribute. Section 422(a) of the BLBA, 30 U.S.C. § 932(a), adopts, inter alia, the hearing and review procedures of §§ 19 and 21 of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 919, 921, for the processing of claims.

Briefly stated, the processing of a black lung claim begins with a determination of the claimant's eligibility by a deputy commissioner. In addition, the deputy commissioner determines whether there is a particular mining operator which is liable for any benefits to be paid. Both these findings are then embodied in a proposed decision and order. This order may be appealed to an ALJ. A hearing is conducted, and once the ALJ issues his order, any dissatisfied party may appeal to the BRB. See generally 20 C.F.R. §§ 725.350–.483.

Section 21(a) of the LHWCA, 33 U.S.C. § 921(a), designates when the decision of

---

[*] The Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation.

the ALJ becomes final and not subject to review by the BRB. It reads:

A compensation order shall become effective when filed in the office of the deputy commissioner as provided in section 919 of this title, and, unless proceedings for the suspension or setting aside of such order are instituted as provided in subdivision (b) of this section, shall become final at the expiration of the thirtieth day thereafter.

Further, the BRB's own regulation, 20 C.F.R. § 802.205,[1] indicates that it will summarily dismiss any untimely appeal for lack of jurisdiction.

Given the fact that the ALJ's decision became effective on the day it was rendered, October 29, the claimant's notice of appeal, mailed December 3, 1980, was untimely.[2] Unless the BRB is possessed of some discretion to enlarge the period for filing an appeal, it lacked jurisdiction to entertain claimant's appeal and properly dismissed the case.

Claimant maintains that the BRB's own regulations, specifically 20 C.F.R. §§ 802.210[3] and 802.217,[4] empower it to enlarge the period in which an appeal may be filed. However, an examination of these, regulations reveals that they do not pertain to the filing of notices of appeal, but rather are applicable only to petitions for review—a document, stating the issues on appeal, submitted to the BRB *after* a notice of appeal has been timely filed.

Alternatively, claimant argues that § 22(a) of the LHWCA, 33 U.S.C. § 922(a), permits the BRB to review an appeal which is filed late. This statutory provision reads in pertinent part:

Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure proscribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, contin-

---

1. Section 802.205 reads in pertinent part:
   (a) A notice of appeal, other than a cross-appeal or a protective appeal, must be filed within 30 days from the date upon which a decision or order has been filed in the office of the deputy commissioner pursuant to section 19(e) of the LHWCA or in such office as may be established in the future. (See §§ 702.349 and 725.478 of this title).
   (b) ...
   (c) Failure to file within the period specified in paragraph (a) ... of this section ... shall foreclose all rights to review by the Board with respect to the case or matter in question. *Any untimely appeal will be summarily dismissed by the Board for lack of jurisdiction.* (Emphasis added.)

2. The thirty-day period ended November 29, 1980.

3. Section 802.210 reads:
   § 802.210 Petition for review.
   (a) *Within 30 days after the receipt of an acknowledgment of a notice of appeal issued pursuant* to § 802.209, the petitioner shall submit a petition for review to the Board and shall serve copies of it, together with accompanying documents, on all parties and the Solicitor of Labor. A petition for review shall contain a statement indicating the specific contentions of the petitioner and describing with particularity the substantial questions of law or fact to be raised by the appeal. Failure to submit a petition for review within the 30-day period described in this section may, in the discretion of the Board, cause the appeal to be deemed abandoned (see § 802.402). (Emphasis added.)

4. Section 802.217 provides:
   § 802.217 Failure to file papers; order to show cause.
   (a) Failure to file any paper when due pursuant to this part, may, in the discretion of the Board, constitute a waiver of the right to further participation in the proceedings.
   (b) *When a petition for review and brief has not been submitted to the Board within the time limitation prescribed by § 802.210, or within an enlarged time limitation granted pursuant to § 802.216*, the petitioner shall be ordered to show cause to the Board why his or her appeal should not be dismissed pursuant to § 802.402. (Emphasis added.)

ue, reinstate, increase, or decrease such compensation, or award compensation.

The purpose of this section is to permit a deputy commissioner to modify an award where there has been "a mistake in a determination of fact [which] makes such a modification desirable in order to render justice under the act." *Banks v. Chicago Grain Trimmers Association, Inc.*, 390 U.S. 459, 464, 88 S.Ct. 1140, 1144, 20 L.Ed.2d 30 (1968). As stated by the claimant, a deputy commissioner does have jurisdiction pursuant to this section to reopen a compensation decision even though there was no notice of appeal filed within the thirty-day period allotted by the statute. *McCord v. Cephas*, 532 F.2d 1377, 1379–80 (D.C.Cir.1976).[5]

■ Based on this authority, claimant argues that his attorney's letter dated March 31, 1981 requesting a review of the ALJ's decision, involving a claim for compensation, should have been considered as a request for reopening of claimant's case under § 922. We cannot accept such an argument. The regulations governing black lung claims indicate that this letter addressed to the BRB cannot be construed as a request for reconsideration under § 922. 20 C.F.R. § 725.310(b) makes clear that "[m]odification proceedings shall not be initiated before an administrative law judge or the Benefits Review Board." The claimant's failure to direct his request to the deputy commissioner defeats his argument that § 922 provided a basis for review of his appeal.

■ At oral argument, a suggestion was raised that claimant's failure to timely file his appeal could be remedied by the doctrine of excusable neglect. We disagree. As noted by the Second Circuit in *Pittson Stevedoring Corp. v. Dellaventura*, 544 F.2d

35 (2d Cir. 1976), *aff'd sub nom., Northeast Marine Terminal v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977):

> The policy requiring that appeals be timely taken is so strong that ministerial failures by a clerk cannot be allowed to overcome it. The [LHWCA], like many other administrative review statutes, does not seem to encompass the "excusable neglect" escape hatch provided for untimely appeals from the district courts.

*Id.* at 44. See F.R.A.P. 4(a)(5). Our conclusion that the excusable neglect doctrine is not applicable to this statutory scheme is supported by the existence of § 922 which, as noted previously, provides for the modification of compensation decisions for a period of *one year*. While under the circumstances of this case our refusal to apply the excusable neglect doctrine may seem harsh, the existence of § 922 mitigates the hardship which may attach to a claimant. A claimant, alleging that a factual mistake has been made, may seek a reconsideration of his case by a deputy commissioner even though he fails to file a timely appeal. However, an individual seeking to have his case reopened must make a proper application. In the instant case, claimant has failed to take the steps necessary to accomplish this goal. Thus claimant has failed to establish any law, rule or circumstances which cast into doubt the BRB's dismissal of his appeal. Accordingly, we affirm its decision.

### III.

■ Finally, claimant requests that we review the merits of the ALJ's decision which denied him benefits. We decline to do so. Both § 921(a) and the BRB's regula-

---

5. The court in reaching this decision relied on the following passage from the Supreme Court's opinion in *O'Keefe v. Aerojet-General Shipyards, Inc.*, 404 U.S. 254, 255, 92 S.Ct. 405, 406, 30 L.Ed.2d 424 (1971):

> Nor does our construction "render meaningless" the provision [of § 21 of the Act, 33 U.S.C. § 921] that [a compensation] order becomes final unless proceedings for review are brought within 30 days.... The review authorized by § 21 is limited to the legal

validity of the award; a district court may set aside an award only if it is "not in accordance with law." Section 21(b), 33 U.S.C. § 921(b). The 30 day limit of § 21 is not "rendered meaningless" by setting a different time limit for a redetermination of fact. Moreover, the absence of a provision in § 21 for the judicial review of evidence confirms the need for a broad discretion in the deputy commissioner, to review factual errors in an effort "to render justice under the act."

tions reflect a strong interest in the prompt and final resolution of black lung compensation claims. In providing for review of BRB determinations in the courts of appeals, "Congress in effect required ... that a claimant exhaust all his administrative remedies." *Compensation Department of District Five, United Mine Workers of America v. Marshall*, 667 F.2d 336, 342 (3rd Cir. 1981). Under such a requirement, it is generally recognized that a court should not consider an argument which has not been raised in the agency proceedings preceding the appeal. *Director, Office of Workers' Compensation Programs v. North American Coal Corp.*, 626 F.2d 1137, 1143 (3rd Cir. 1980). This is a sound policy since a party aggrieved by the decision of an administrative law judge may find corrective action at the BRB and thereby remove the need for judicial review. *See Atlantic & Gulf Stevedores v. Director, Office of Workers' Compensation Programs*, 542 F.2d 602, 605 (3rd Cir. 1976). Moreover, the existence of § 922 diminishes any hardship placed on a claimant by the exhaustion requirement. *Id.* at 606. Accordingly, we hold, as did the Third Circuit in *Atlantic & Gulf Stevedores, supra* at 606, that a claimant who fails to appeal the order of an ALJ to the BRB within the allotted thirty-day period, depriving the BRB of an opportunity to consider an issue, is precluded from raising that issue on a petition for review in this Court. Claimant may not obtain review of the ALJ's decision in this case.

Accordingly, the order of the Benefits Review Board is AFFIRMED.