770 F.2d 166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DARNELL LYON, PETITIONER,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR; BENEFITS REVIEW BOARD,
RESPONDENTS.
 NO. 84-3729
 United States Court of Appeals, Sixth Circuit.
 7/31/85
 
 Ben.Rev.Bd.
 PETITION FOR REVIEW DENIED
 ON PETITION FOR REVIEW OF AN ORDER OF THE BENEFITS REVIEW BOARD
 Before: MARTIN, WELLFORD, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Darnell Lyon petitions for review of a decision of the Benefits Review Board, United States Depatment of Labor, denying him benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901-945. We deny Lyon's petition.
 
 
 2
 Lyon is presently sixty-five years old and worked for twenty-seven years as a coal miner. He started his coal mine employment in 1938 and worked in the mines until 1974, except for a break during World War II. He left work on July 17, 1974 because of a heart attack.
 
 
 3
 On January 23, 1975, Lyon filed a claim for black lung benefits with the Department of Labor under Part C of the Black Lung Benefits Act, 30 U.S.C. Secs. 931-945. This claim was originally denied, but the Department of Labor reviewed the claim against pursuant to changes made by the Black Lung Benefits Reform Act of 1977, 30 U.S.C. Sec. 945(b)(1). This time the Department of Labor approved Lyon's claim, but the employer who was potentially liable for the benefits asked for a formal hearing before an administrative law judge.
 
 
 4
 An administrative law judge held a hearing on August 7, 1980 and later issued a opinion denying benefits. The administrative law judge found that although Lyon has pneumoconiosis, his disability arose not from his pneumoconiosis but from his chronic heart condition. Lyon then appealed to the Benefits Review Board. The Board affirmed the administrative law judge's decision, stating that Lyon simply wanted the Board to reweigh the evidence in the case, which was beyond the scope of its review.
 
 
 5
 In this petition for review, Lyon argues that the Benefits Review Board erred in finding that the presumption of total disability due to pneumoconiosis had been rebutted and that the Board's conclusions were not supported by substantial evidence.[1] The Benefits Review Board, however, explicitly found that Lyon had failed to raise any cognizable legal or factual issue on appeal to that tribunal. With respect to Lyon's substantial evidence claim, the Board stated that Lyon had failed to address the administrative law judge's decision and demonstrate why substantial evidence does not support the result. The Board's opinion does not discuss whether the presumption of total disability due to pneumoconiosis was properly rebutted and presumably this issue also was not raised.
 
 
 6
 Because Lyon failed to present adequately the issue he raises in this appeal to the Benefits Review Board, we cannot consider them. See Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1119 (6th Cir. 1984); Blevins v. Director, Office of Workers' Compensation Programs, 683 F.2d 139, 143 (6th Cir. 1982). Lyon's petition for review therefore must be denied.
 
 
 
 [1]
 Although Lyon also has asked us to directly review the findings of the administrative law judge, this Court has clearly held that it will only consider issues presented to the Benefits Review Board. Blevins v. Director, Office of Workers' Compensation Program, 683 F.2d 139, 143 (6th Cir. 1982)