805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HONAKER, Petitioner-Appellant,
v.
BENEFITS REVIEW BOARD; Director, Officer of Workers'
Compensation Programs, United States Department of
Labor, Respondents-Appellees.
 No. 85-3960.
 United States Court of Appeals, Sixth Circuit.
 Oct. 20, 1986.
 
 Before KEITH and KENNEDY, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner appeals from a final order of the Benefits Review Board ("Board") affirming an ALJ's denial of benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. The ALJ held that the petitioner had triggered the interim presumption under 20 C.F.R. Sec. 727.203(a)(4), but that the Director had rebutted the presumption pursuant to section 727.203(b)(2). Petitioner raises two claims on appeal. First, he claims that there is insufficient evidence to rebut the presumption. Second, the petitioner argues that he is entitled to benefits under 30 U.S.C. Sec. 921(c)(4).
 
 
 2
 Petitioner established twenty-one and one-half years of coal mine employment. He has experienced shortness of breath and a cough. The ALJ denied petitioner's claim for black lung benefits because, although petitioner had presented sufficient evidence to invoke the presumption under section 727.203(a), the Director rebutted the presumption under section 727.203(b)(2). The ALJ found that the Director established that the petitioner could do his usual coal work or comparable work. Petitioner's claim under 30 U.S.C. Sec. 921(c)(4) was denied for the same reason; the petitioner could not establish total disability.
 
 
 3
 Petitioner appealed the decision to the Board, alleging that the ALJ improperly denied invocation of the presumption under section 727.203(a)(1) and (2), and that the ALJ failed to properly consider whether he was entitled to benefits under 20 C.F.R. Sec. 410, the regulation relating to section 921(c)(4). He claimed that the x-rays and the pulmonary function evidence he presented should have been sufficient to trigger the presumption. The Board affirmed the ALJ's decision, holding that petitioner's arguments were moot. Petitioner did not appeal the ALJ's finding of rebuttal, and the rebuttal would overcome the presumption whether invoked under section 727.203(a)(1), (2) or (3). The Board also affirmed the ALJ's denial of benefits under section 921(c)(4), since the unappealed finding that petitioner had not established total disability prevented recovery under that section as well.
 
 
 4
 The Director raises a preliminary issue that the claims of the petitioner are not properly before this Court because the petitioner did not exhaust his administrative remedies.
 
 I. Exhaustion Requirement
 
 5
 Several courts, including the Sixth Circuit, have held that an appellate court should not review an ALJ's decision on the merits where the claimant did not raise his claims before the agency. See Cox v. Benefits Review Board, 791 F.2d 445 (6th Cir.1986); Lyon v. Director, OWCP, No. 84-3729 (6th Cir. July 31, 1985); Trusty v. Director, OWCP, No. 81-3718 (6th Cir. March 15, 1983); Gibas v. Saginaw Mining Co., 748 F.2d 1112 (6th Cir.1984), cert. denied, 105 S.Ct. 2357 (1985); Blevins v. Director, OWCP, 683 F.2d 139 (6th Cir.1982). See also Taft v. Alabama By-Products Corp., 733 F.2d 1518 (11th Cir.1984); General Dynamics v. Sacchetti, 681 F.2d 37 (1st Cir.1982); Director, OWCP v. North American Coal Corp., 626 F.2d 1137 (3d Cir.1980). In Blevins, this Court held that "... a claimant who fails to appeal the order of an ALJ to the BRB within the allotted thirty-day period, depriving the BRB of an opportunity to consider an issue, is precluded from raising that issue on a petition for review in this court." Blevins, 683 F.2d at 143. It reasoned that a party "may find corrective action at the BRB and thereby remove the need for judicial review." Id. In Gibas, the Court again stated that "... the courts of appeals have refused to decide substantive legal questions not presented to the Board in the first instance." Gibas, 748 F.2d at 1119. The Court mentioned similar reasoning to that found in Blevins: "... it is apparent that the Board's appellate review provides a screening device for frivolous claims and sharpens the focus of debate if further review is sought in the court of appeals." Id.
 
 
 6
 We have reviewed petitioner's petition for review before the Board, as well as his brief to the Board. The petitioner raised before the Board the claim that the ALJ wrongfully failed to invoke the presumption under section 727.203(a)(1) and (2). Petitioner did not even argue to the Board that the Director's evidence was insufficient for rebuttal. Moreover, the Board did not decide on the merits the claim that the petitioner did raise, that his x-ray and pulmonary function evidence was sufficient to invoke the presumption. The Board held that the claim was rendered moot because the presumption, regardless of the section under which it was raised, was rebutted by the Director's evidence, a finding that was not appealed. Under the Blevins line of cases, we hold that the petitioner's first claim is not properly before this Court on appeal.
 
 
 7
 The second claim of the petitioner was raised before the Board. Petitioner argued that he should have been granted benefits under 20 C.F.R. Sec. 410, the companion regulation to section 921(c)(4). The Board rejected this claim for the same reason it refused to hear the first claim. It, too, was found to be moot since the finding that claimant was able to do strenuous labor and perform his usual work, the rebuttal under section 727.203(a)(1), was not appealed. Claimant asserts that this second issue falls within a limited exception to the general rule created by this Court in Freeman v. Director, OWCP, No. 84-3493 (6th Cir.1986), and is, thus, properly before this Court. In Freeman, this Court held that "... ALJs have a duty to determine whether claimants meet the requirements of section 921(c)(4) when the facts before them indicate that such requirements may be applicable to the case at hand." Id. at 5-6. Section 921(c)(4) provides more liberal provisions to be applied where miners have been engaged in underground mining for over fifteen years. In this case, however, the ALJ did make the determination that the petitioner was ineligible for the presumption under section 921(c)(4). Thus, the concern in Freeman that the ALJ had not considered the applicability of section 921 does not apply. Although the Board did not consider the ALJ's decision on the merits, it did review the section 921(c)(4) issue. We believe the Blevins line of cases should be followed here.
 
 II. Denial of Benefits
 
 8
 Were we to review petitioner's claim on the merits, we would affirm the ALJ. The ALJ held that, although the evidence of the petitioner triggered the presumption under section 727.203(a)(4), the Director's evidence rebutted the presumption under section 727.203(b)(2). The petitioner challenges the finding of rebuttal. For the same reasons he found the presumption was rebutted, the ALJ held that the petitioner had not established the existence of pneumoconiosis, pursuant to section 410.414, or that he was totally disabled, pursuant to section 410.424 or section 410.426, and was not eligible for the presumption under section 411(c)(4) of the Act because he did not prove total disability. The petitioner challenges this finding as well.
 
 
 9
 The ALJ considered all of the evidence presented to him. He was entitled to weigh the validity of the reasoning of the medical opinions in light of the studies conducted and the objective indications upon which the medical opinion or conclusion was based. Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). Since pneumoconiosis is a progressive disease, he could find the most recent reports more probative. There was substantial evidence to support the ALJ's findings.
 
 
 10
 The final order of the appeal Board is affirmed.