820 F.2d 1224
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Scott BUCKNER, Petitioner,
v.
BENEFITS REVIEW BOARD and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 86-3461.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1987.
 
 Before GUY and BOGGS, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Kenneth Scott Buckner, appeals the decision of the Benefits Review Board (BRB or Board) affirming the administrative law judge's denial of petitioner's claim for black lung benefits. We affirm.
 
 
 2
 Petitioner filed an application for benefits with the Department of Labor pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901, et seq., alleging that he was totally disabled by pneumoconiosis. After an administrative denial of the claim from which the petitioner took no appeal, the matter came up for automatic review under the Act's 1977 amendments. 30 U.S.C. Sec. 945. Petitioner was notified in a letter dated July 25, 1979, that his case was under reconsideration but that the evidence was insufficient to warrant an award of benefits. He was advised to provide further evidence, which he subsequently submitted in the form of an arterial blood gas study dated August 9, 1979. On February 8, 1980, he was notified that such evidence was insufficient and his claim was formally denied. In a letter dated March 27, 1980, petitioner's counsel requested a formal hearing and, while the matter was pending, he submitted further evidence consisting of a medical report dated July 17, 1980, including a chest x-ray which the Office of Workers' Compensation Programs (OWCP) submitted to another physician for a rereading. On December 18, 1980, the Director notified petitioner that the agency had reviewed the additional evidence but that it did not support an award of benefits, and his claim was again denied. The matter was referred to the Office of Administrative Law Judges on August 18, 1981.
 
 
 3
 An ALJ issued a decision and order denying benefits, finding that while the x-ray evidence demonstrated the existence of pneumoconiosis, the remaining medical evidence was insufficient to establish that the petitioner was totally disabled by a respiratory condition or that such condition arose out of coal mine employment. Moreover, because petitioner had less than ten years of coal mine employment, the ALJ noted that he was not entitled to any of the presumptions of disability under 20 C.F.R. Sec. 727.203(a).
 
 
 4
 Petitioner appealed the ALJ's denial of benefits to the Benefits Review Board. In his brief, petitioner stated that the "specific issue" contested was the length of his coal mine employment. However, petitioner failed to indicate in any manner how the ALJ erred in determining petitioner's length of coal mining employment. Instead, the only argument petitioner made was that
 
 
 5
 [t]he preparer of this brief is of the opinion that the entire medical evidence and other evidence in this case is more than sufficient to satisfy Section 411(c)(4) of the Act to establish and does establish the existence of a totally disabling respiratory or pulmonary impairment and Claimant is entitled to that statutory presumption and benefits as a result thereof.
 
 
 6
 The Board affirmed the ALJ's decision, finding the order supported by substantial evidence. The Board noted that the ALJ's finding that petitioner had worked for less than ten years in the mining industry was based on petitioner's own hearing testimony, which the ALJ fully credited. The Board also approved of the ALJ's reliance on petitioner's social security records which were consistent with petitioner's testimony. Finally, the Board acknowledged petitioner's failure to identify any error, concluding that the Board had no basis upon which to review the ALJ's decision.
 
 
 7
 In relation to petitioner's one sentence argument contained in his brief, to the effect that he had satisfied section 411(c)(4) of the Act, the Board rejected that argument outright, noting that this section only applies to one who has at least 15 years of coal mine employment. 30 U.S.C. Sec. 921(c)(4); 20 C.F.R. Sec. 410.414(b)(3). Accordingly, the Board affirmed the ALJ's decision.
 
 
 8
 On appeal, petitioner has abandoned his argument relative to time spent working in the coal mining industry. Rather, in another one paragraph argument, petitioner appears to challenge the ALJ's rejection of Dr. Rader's opinion that petitioner was totally disabled.[1] Because petitioner failed to raise this argument below, we are unable and unwilling to address it.
 
 
 9
 By statute, the Board is "authorized to hear and determine appeals raising a substantial question of law or fact" taken from ALJ determinations. 33 U.S.C. Sec. 921(b)(3). The findings of fact by an ALJ are conclusive "if supported by substantial evidence in the record considered as a whole," id., and the "Board is not empowered to engage in de novo review of the record ... and may not set aside an inference merely because it finds the opposite one more reasonable." Bizarri v. Consolidation Coal Co., 775 F.2d 751, 753 (6th Cir.1985). In light of these limitations on the Board's scope of review, the Department of Labor has promulgated regulations requiring that "[a] petition for review shall contain a statement indicating the specific contentions of the petitioner and describing with particularity the substantial questions of law or fact to be raised by the appeal." 20 C.F.R. Sec. 802.210(a).
 
 
 10
 In providing for review of Board determinations in the courts of appeals, "Congress in effect required ... that a claimant exhaust all his administrative remedies." Blevins v. Director, Off. of Workers' Compensation, 683 F.2d 139, 143 (6th Cir.1982) (quoting Compensation Department of District Five, United Mine Workers of American v. Marshall, 667 F.2d 336, 342 (3d Cir.1981)). Under such a requirement, it is generally recognized that a court should not consider an argument which has not been raised in the agency proceedings preceding the appeal. Blevins, 683 F.2d at 143. "This is a sound policy since a party aggrieved by the decision of an administrative law judge may find corrective action at the BRB and thereby remove the need for judicial review." Id. (citing Atlantic & Gulf Stevedores v. Director, Office of Workers' Compensation Programs, 542 F.2d 602, 605 (3d Cir.1976)). Accordingly, a claimant who fails to raise an issue on appeal from the decision of an ALJ to the Board, depriving the Board of an opportunity to consider the issue, is precluded from raising that issue on a petition for review in this court. 683 F.2d at 143.
 
 
 11
 We decline to address the issue now raised for the first time on appeal by petitioner, and accordingly, we AFFIRM the decision of the Benefits Review Board.
 
 
 
 [1]
 Dr Rader was the only doctor who concluded that petitioner was "totally disabled" on the basis of his lung and cardiac problems. However, Dr. Rader gave no explanation for his conclusion and was not certain whether petitioner's coal mine work was a causative factor