917 F.2d 1304
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jake CASTLE, Petitioner,
v.
DIRECTOR, OWCP, Respondent.
 No. 90-3041.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1990.
 
 Before KEITH and RALPH B. GUY, Jr., Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Petitioner Jake Castle ("petitioner") appeals from a Benefits Review Board decision denying his claim for black lung benefits pursuant to Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. 901 et seq. For the reasons set forth below, we AFFIRM.
 
 I.
 A.
 
 2
 Petitioner was born on May 12, 1932, and has a sixth grade education. He worked for nineteen years as a coal miner, running a shuttle buggy and run pan machine. He last worked in the mines in 1975. On February 12, 1975, petitioner's chest x-ray read positive for pneumoconiosis. A subsequent exam conducted approximately one month later confirmed pneumoconiosis and further diagnosed chronic obstructive pulmonary disease, chronic emphysema and fibrosis, as well as previously diagnosed pleuretic adhesions. Petitioner was advised to terminate coal mining employment.
 
 
 3
 During the entire period of successive appeals before the Office of Workers' Compensation Programs ("OWCP") and Administrative Law Judges ("ALJs"), petitioner was examined by several physicians. Dr. William Anderson examined petitioner on January 14, 1980. Dr. Anderson reviewed petitioner's symptoms and his occupational, medical, smoking and family histories. He also examined petitioner and performed a pulmonary function study, blood gas study and x-ray, among other diagnostic tests. He diagnosed petitioner as suffering from pulmonary emphysema with severe obstructive ventilatory insufficiency. This was due, in his medical opinion, to cigarette smoking. Dr. Anderson was deposed on August 2, 1985, at which time he repeated his medical conclusions and further stated that petitioner could not be expected to perform all of the jobs encountered in the underground coal mining industry.
 
 
 4
 Dr. John Myers examined petitioner on January 19, 1983. He similarly found chronic obstructive pulmonary disease, but also found pneumoconiosis with moderate restrictive and mild obstructive defects in ventilation, functional class II. In his medical opinion, petitioner's coal mining experience was responsible for his condition. However, when deposed on August 6, 1985, he testified that he had no way of determining the cause of petitioner's disability because it was a mixed pulmonary problem. He further conceded that he could not state that one thing alone was responsible for petitioner's symptoms.
 
 
 5
 On December 16, 1986, Dr. Terry Wright examined petitioner and performed similar diagnostic tests. He concluded that petitioner suffered from category I coal worker's pneumoconiosis and was therefore permanently and totally disabled from working in the coal mining industry, or in any dusty environment.
 
 
 6
 Dr. Bruce Broudy examined petitioner on April 14, 1987. He made the same relevant medical inquiries into symptomatolgy, occupational, medical, smoking and family histories and performed the same diagnostic tests, including physical examination, pulmonary function study, blood gas study, x-ray and EKG. His diagnosis varied only slightly from the above; he diagnosed severe chronic obstructive pulmonary disease due to chronic bronchitis and pulmonary emphysema as a result of cigarette smoking. He concluded that petitioner was severely impaired, to the extent of being disabled from coal mining or any heavy manual labor. The cause of this impairment was, in his opinion, cigarette smoking and petitioner's occupational exposure in coal mine employment.
 
 B.
 
 7
 On May 2, 1975, petitioner filed a claim for benefits under the Federal Coal Mine Health and Safety Act of 1969, as amended. In August 1975, two Department of Labor physicians examined petitioner and confirmed the pneumoconiosis, but also diagnosed smoker's bronchitis. His claim was initially denied by the Office of Worker's Compensation Programs ("OWCP") on September 26, 1979, but was later approved on February 3, 1981. However, on November 15, 1981, the OWCP set aside its initial finding of entitlement and denied the claim. Petitioner requested reconsideration of the denial on September 8, 1982. In an order dated August 4, 1983, Administrative Law Judge G. Marvin Bober ruled that petitioner had not abandoned his claim pursuant to C.F.R. 725.412 and remanded the case to the OWCP. The OWCP again denied the claim on May 15, 1984. Petitioner appealed the decision before the Office of Administrative Law Judges.
 
 
 8
 On June 1, 1988, Administrative Law Judge Richard D. Mills denied petitioner's claim for benefits. In a subsequent appeal of this denial before the Benefits Review Board, petitioner's claim for entitlement was denied again. In a Decision and Order dated December 21, 1989, the Board upheld the ALJ's findings: that petitioner had established nineteen years of coal mine employment; that the x-ray evidence of record established invocation of the interim presumption under 20 C.F.R. 727.203(a)(1);[1] that the interim presumption was not rebutted under 727.203(b)(1) or (b)(2),[2] but was rebutted under Sec. 727.203(b)(3)[3] pursuant to the medical examinations undertaken in 1980 and 1987; further, that rebuttal of the interim presumption was established under 20 C.F.R. 410.490(c)(2)[4]. However, subsequent to the ALJ's ruling on the latter issue, this Court held that 20 C.F.R. 410.490 is inapplicable to claims where, as here, the ALJ has credited the petitioner with ten or more years of coal mine employment. Youghiogheny and Ohio Coal Company v. Milliken, 866 F.2d 195, 202 (6th Cir.1989). The Benefits Review Board ("Board") therefore held 410.490 inapplicable to the instant claim. The Board then applied Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989), which the ALJ had not, and concluded that petitioner's claim should also be considered under 20 C.F.R. Part 718 permanent regulations since entitlement was not established under the interim provisions of 727.203. However, the ALJ's factual findings made pursuant to 727.203(b)(3) effectively precluded petitioner from establishing that pneumoconiosis contributed to his total disability under 718.204(b). See Adams v. Director, OWCP, 886 F.2d 818, 825 (6th Cir.1989) (holding that in order to qualify for benefits under Part 718 a miner who is found to suffer from pneumoconiosis under Sec. 718.202 must affirmatively establish only that his totally disabling respiratory impairment was due at least in part to his pneumoconiosis). Thus, the Board held that petitioner failed to establish that pneumoconiosis contributed to his total disability under section 718.204(b).
 
 
 9
 Petitioner filed a timely notice of appeal with this court on January 17, 1990.
 
 II.
 A.
 
 10
 Petitioner properly raises two issues before us on appeal[5]: (1) whether the Board erred in finding rebuttal of the interim presumption established under 20 C.F.R. 727.203(b)(3), and (2) whether the Board erred in finding that 20 C.F.R. 410.490 is inapplicable to this claim. Our review of a Benefits Review Board decision is limited to determining whether substantial evidence supported the findings of fact and conclusions of law therein. O'Keefe v. Smith, Hinchman & Grillis Associates, Inc., 380 U.S. 359, 362 (1965); Director, OWCP, v. Rowe, 710 F.2d 251, 254 (6th Cir.1983).
 
 B.
 
 11
 Petitioner argues that the ALJ could not base disability causation rebuttal on the opinions of physicians who held the mistaken belief that he did not have pneumoconiosis. Thus, the ALJ was left with the opinions of physicians who in fact found pneumoconiosis and considered the etiology of petitioner's disability. Adams v. Director, OWCP, 886 F.2d 818, 826 (6th Cir.1989) (reversing the Board's finding of benefits ineligibility based on one physician's testimony proffered in the mistaken belief that claimant did not suffer from pneumoconiosis where such testimony was in direct contradiction to testimony of another physician who also properly discussed etiology but diagnosed totally disabling respiratory impairment due to coal mine employment, specifically, pneumoconiosis). We disagree. The ALJ was within the limits of his authority to consider opinions of those physicians who found no pneumoconiosis. The ALJ is entitled to hear all medical evidence and assign levels of credibility to each. Id.
 
 
 12
 Petitioner further argues that the Board erred in finding Sec. 727.203(b)(3) rebuttal of disability causation because it relied on incorrect, or, mistaken medical opinions that petitioner did not have pneumoconiosis, or that his pneumoconiosis did not arise in whole or in part from coal mining, but from cigarette smoking (in the amount of one pack per day for at least 25 years. Appendix, p. 7).
 
 
 13
 The ALJ and the Benefits Review Board correctly based the disability causation rebuttal on the opinions of Drs. Broudy and Anderson, both of whom did not find pneumoconiosis. Both physicians diagnosed the presence of an obstructive pulmonary disease causally related to a well established history of cigarette smoke. The ALJ was within his discretion to credit this medical testimony with more probative value, based on their credentials and superior qualifications, as opposed to the testimony offered by Drs. Myers and Wright. Director, OWCP, v. Rowe, 710 F.2d 251, 255.
 
 
 14
 Petitioner relies on Gibas v. Saginaw, 748 F.2d 1112 (6th Cir.1984). This reliance is misplaced. Gibas requires that section 727.203(b)(3) rebuttal of total disability establish that the total disability did not arise in whole or in part out of coal mine employment. This is a causation requirement and is satisfied if an employer is able to prove that pneumoconiosis played no part in a miner's disability. Id. at p. 1120.
 
 
 15
 Here, there is substantial evidence in the record to support the ALJ's findings of fact and conclusions of law, and the Board's affirmance thereof. We therefore affirm the Board's holding that the ALJ's finding of rebuttal of the interim presumption under Sec. 727.203(b)(3) is supported by substantial evidence, as is the finding that petitioner's total disability arose not out of coal mine employment, but cigarette smoking. We similarly affirm the Benefits Review Board's holding under the permanent Part 718 regulations, that petitioner failed to establish that pneumoconiosis contributed to his total disability.
 
 C.
 
 16
 Petitioner further contends that the Benefits Review Board erred in rendering 20 C.F.R. Sec. 410.490 inapplicable to his claim pursuant to this court's intervening decision in The Youghiogheny & Ohio Coal Company v. Milliken, 866 F.2d 195, 200-202 (6th Cir.1989), where, as here, the ALJ credited petitioner with ten or more years of coal mine employment. Further error is attributed to the Board's refusal to follow the Supreme Court's holding in Pittson Coal Group v. Sebben, 109 S.Ct. 414 (1988), as dispositive of Youghiogheny. Pittson did not reach the issue before this court in Youghiogheny. In Youghiogheny, we held that the Benefits Review Board erred in awarding benefits to a decedent miner's widow under Sec. 410.490 where c had worked in the coal mines well over forty years. Id. at 202. In response to the petitioner's argument that Sec. 727.204 criteria are more restrictive than Sec. 410.490 criteria, we reiterate here that the former criteria are more restrictive only to the extent that they require ten years of coal mine employment to supplement the other medical requirements necessary to invoke the presumption.
 
 
 17
 In contrast, Pittson addressed whether 30 U.S.C. Sec. 902(f)(2) requires application of 20 C.F.R. Sec. 410.490 invocation of presumption provisions to claims failing to qualify for invocation of the presumption under 20 C.F.R. Sec. 727.203(a). The Pittson Court concluded that the interim regulation governing invocation of the Sec. 727.203(a) presumption violated 30 U.S.C. Sec. 902(f)(2) because the interim regulation does not allow proof that pneumoconiosis was caused by coal mine employment to substitute for a ten year coal mine employment requirement, and therefore is more restrictive than the previous presumption regulation, which conferred a presumption of entitlement upon a miner who established pneumoconiosis plus ten years of coal mine employment, or proof that the pneumoconiosis was caused by coal mine employment. The Pittson Court expressly declined to determine whether the more expansive rebuttal provisions in Sec. 727.203(b) were valid. Thus Pittson shed no light on the issue before us in Youghiogheny as stated therein. 866 F.2d 195, 199 n. 1 (1989).
 
 
 18
 In addition, while we have held that whenever the ten- year coal mine employment requirement renders Sec. 727.203's presumption of total disability unavailable for a claim filed prior to March 31, 1980, the less restrictive presumptions contained in Sec. 410.490 should apply. Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), cert denied,--U.S.--, 109 S.Ct. 566 (1988). Section 410.490's less restrictive presumption does not extend to the regulations governing rebuttal of the interim presumption. Youghiogheny, 866 F.2d at p. 201. We therefore conclude that the Board did not err in holding Sec. 410.490 inapplicable to the instant claim.
 
 III.
 
 19
 The Benefits Review Board correctly denied petitioner's claim for benefits. For the foregoing reasons we AFFIRM the Benefits Review Board's decision.
 
 
 
 [1]
 20 C.F.R. 727.203(a)(1) provides in pertinent part:
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see Sec. 410.428 of this title).
 
 
 [2]
 20 C.F.R. 727.203(b)(1) and (2) provide, in pertinent part:
 (b) Rebuttal of interim presumption. In adjudicating a claim under this sub-part, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable gainful work ...; or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work....
 
 
 [3]
 20 C.F.R. 727.203(b)(3) provides in pertinent part:
 The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment....
 
 
 [4]
 20 C.F.R. 410.490(c)(2) provides for a rebuttal of the total disability presumption as follows:
 Other evidence, including physical performance tests (where such are available and their administration is not contraindicated), establish that the individual is able to do his usual coal mine work or comparable and gainful work....
 
 
 [5]
 A petitioner to this Court is required to exhaust his administrative remedies in order to properly preserve issues for appeal. Blevins v. Director, OWCP, USDOL, 683 F.2d 139 (6th Cir.1982). In this case, petitioner raises several additional issues on appeal which were not raised before either the ALJ or the Benefits Review Board. These are, whether the issues between petitioner and White Ash Mining were finally adjudicated in 1976; and whether the claim must be remanded for a new initial decision because ALJ Mills gave no reasons for rejecting medical opinions of three examining doctors. Petitioner also claims that the "fundamentally unfair" analysis and application of Sec. 727.203(b)(3) to Part 410 presumptions violate the Black Lung Act and are unfair to him. Because we lack jurisdiction to review these claims, we do not reach them