**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,**

v.

**Leslie SEALS, Respondent.**

**No. 90–4023.**

United States Court of Appeals,
Sixth Circuit.

Argued July 22, 1991.

Decided Aug. 23, 1991.

Michael J. Denney, Dorothy Page (argued and briefed), U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for petitioner.

Willie V. Miller (briefed), Ann P. Leonard (argued), Miller & Patterson, Fort Oglethorpe, Ga., for respondent.

Before KEITH and NORRIS, Circuit Judges, and WEBER, District Judge.*

PER CURIAM.

The Director of the Office of Workers' Compensation Programs for the United States Department of Labor (the "Di-

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

rector") petitions this court for review of the January 3, 1989, order of the Benefits Review Board (the "Board") finding that Leslie Seals (the "claimant") timely filed his appeal to the Board following the administrative law judge's ("ALJ") Decision and Order, issued January 27, 1988, and filed with the Office of the Deputy Commissioner on January 27, 1988. For the following reasons, we AFFIRM the Board's finding.

I.

The claimant filed his initial Part B application for benefits with the Social Security Administration on March 8, 1971, which resulted in a denial of benefits before that agency. On April 3, 1978, the claimant elected to have his 1971 claim transferred to the Department of Labor pursuant to the 1977 amendments to the Black Lung Benefits Reform Act, Pub.L. No. 95–239, 92 Stat. 95. The Department of Labor denied the claim on September 11, 1980. On May 6, 1981, the claimant requested a hearing. This request constituted a request for modification of the 1971 claim. A second claim was filed on April 26, 1982, which was merged into the 1971 claim.

The Department of Labor administratively denied the claim on July 2, 1982, and again on April 13, 1983, following a deputy commissioner conference. The claimant requested a hearing before an administrative law judge which was held on November 17, 1986. On November 6, 1987, the administrative law judge issued a Decision and Order awarding benefits. The Director filed a motion for reconsideration with the ALJ. The ALJ rendered a decision on January 14, 1988, overturning his prior decision and ordered a denial of benefits. However, this decision was not filed in the deputy commissioner's office of the Division of Coal Miner's Workers' Compensation until January 27, 1988.

On February 19, 1988, the claimant petitioned the Board for review of this denial of benefits. The Director filed a motion to dismiss, alleging that the claimant's appeal to the Board was not timely filed. On January 3, 1989, the Board agreed with the claimant's argument of timeliness, retained jurisdiction and denied the Director's motion to dismiss. On September 27, 1990, the Board issued a Decision and Order reinstating the original decision of the ALJ awarding benefits. The Director filed a timely petition for review with this court on November 21, 1990.

II.

The Director does not challenge the fact that the claimant is disabled by pneumoconiosis as a result of his lengthy coal mine employment. The Director seeks review of the January 3, 1989, decision of the Board which addressed the procedural jurisdiction issue. The Director argues that the claimant's failure to timely file his appeal deprived the Board of jurisdiction to determine the merits of the claimant's disability claim.

A.

The sole issue before us is whether the date on which the ALJ's decision is issued or the date on which the decision is filed with the deputy commissioner's office triggers the thirty-day period in which the claimant is entitled to appeal. The process for appealing a decision of an ALJ to the Board is governed by the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 921, which has been incorporated into the Black Lung Benefits Act, 30 U.S.C. § 932(a). The LHWCA provides that a decision "shall become effective when filed in the office of the deputy commissioner.... and unless proceedings [are undertaken] for the ... setting aside of such order ... [it] shall become final at the expiration of the thirtieth day thereafter." 33 U.S.C. § 921(a). The statute clearly indicates that the appeal period begins to run when the order is filed in the office of the deputy commissioner.

The Director argues that the Secretary of Labor's regulation, 20 C.F.R. § 725.478 provides the date on which the ALJ's decision is issued triggers the thirty-day appeal period. This regulation specifies the following procedures for filing orders:

On the date of issuance of a decision and order under § 725.477, the administrative law judge shall serve the decision and order on all parties to the claim by certified mail. *On the same date,* the original record of the claim shall be returned to the [Division of Mine Worker's Compensation] in Washington, D.C., and the decision and order shall be considered filed in the office of the deputy commissioner.

20 C.F.R. § 725.478 (emphasis added). This regulation must be read in conjunction with § 725.479 which provides the following:

(a) *A decision and order shall become effective when filed in the office of the deputy commissioner* (see § 725.478), and unless proceedings for suspension or setting aside of such order are instituted within 30 days of such filing, the order shall become final at the expiration of the 30th day after such filing (see § 725.-481).

20 C.F.R. § 725.479 (emphasis added). The Director interprets these regulations to provide that the ALJ's decision should be considered filed on the same day it is issued even when, as in this case, the date of issue and the date of filing are different. However, we are unpersuaded by the Director's contention when we read the regulations governing the Board which state the following:

(a) A notice of appeal, other than a cross-appeal, must be filed within 30 days from *the date upon which a decision or order has been filed in the office of the deputy commissioner* pursuant to 19(e) of the LHWCA or in such office as may be established in the future (see §§ 702.349 and 725.478 of this title).

20 C.F.R. § 802.205 (emphasis added). Had the Secretary of Labor intended for § 725.478 to provide the day triggering the thirty-day appeal period, we believe that the change would be reflected in this passage which governs the Board.

We are in accord with the Third and Fourth Circuits' interpretation that § 725.-478 instructs where the record should be housed without addressing the appeal process. *See Trent Coal, Inc. v. Day,* 739 F.2d 116, 118 (3d Cir.1984). ("The regulation must be construed so as to conform to the statute. That is easily done here by reading the regulation to describe the place where the original record is lodged."); *Daugherty v. Director, OWCP, U.S. Dep't of Labor,* 897 F.2d 740, 743 (4th Cir.1990). The Fourth Circuit stated "[w]e read 20 C.F.R. § 725.478 as identifying where the record must be sent and providing for service, and not as prescribing when an ALJ's decision and order are considered 'filed' for purposes of calculating the deadline for appeal." *Id.*

### B.

Contrary to the Director's contentions, *Blevins v. Director, OWCP,* 683 F.2d 139 (6th Cir.1982) is not dispositive of the issue raised in the instant case. In *Blevins,* the claimant petitioned for the Board's review following a denial of benefits by an ALJ. Unlike the instant case, the date the claim was filed in the office of the deputy commissioner was not raised or even mentioned. The validity and interpretation of 20 C.F.R. § 725.478 was not addressed. In addition the Board had declined jurisdiction of the claimant's appeal. The only issue raised in *Blevins* was whether the claimant's failure to timely file could be excused for a number of reasons. Thus we find the facts and issues raised in *Blevins* distinguishable from the instant case.

### III.

For the foregoing reasons, we AFFIRM the Board's January 3, 1989, order.