9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy GAYHEART, Petitioner-Appellant,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR, Respondent-Appellee.
 No. 92-4252.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This case comes before us on a petition for review of an order in which the Department of Labor's Benefits Review Board affirmed an administrative law judge's decision to terminate the petitioner's previously awarded black lung disability benefits by way of administrative summary judgment. The main question presented concerns the authority of a district director[1] within the Labor Department to pursue revocation of benefits on the basis of an allegedly mistaken classification of the recipient as a "miner" of coal within the meaning of the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. The petitioner argues that any such mistake was a mistake of law, rather than a mistake of fact, and that modification of the award was therefore precluded.
 
 
 2
 We conclude that the district director had authority to reopen the award of benefits. It is conceded that this case presented genuine issues of fact that made summary judgment inappropriate, however, and we shall therefore grant the petition for review and remand the case for a full administrative hearing.
 
 
 3
 * The petitioner, Billy Gayheart, worked hauling mine supplies for Allock Coal Company from 1943 to 1948. From 1949 to 1953 he worked as a butcher at the Carrs Fork Tipple mining commissary, and in 1954 he worked in company stores operated by two other coal companies. Although Mr. Gayheart admits that he has never actually worked in a coal mine, he contends that all of his work from 1943 to 1954 was performed in the vicinity of coal mines and that he was exposed to coal dust.
 
 
 4
 In January of 1973, claiming that he was incapacitated by pneumoconiosis, Mr. Gayheart applied to the Social Security Administration for disability benefits. His application was denied. (A similar application to the Department of Labor was likewise denied.) Upon administrative review of the initial denial of benefits, the Social Security Administration concluded that Mr. Gayheart had failed to establish either the existence of pneumoconiosis or that he met the statutory definition of a "miner."
 
 
 5
 The case was sent back to the Department of Labor for review in September of 1978. On May 10, 1979, a district director at the Department awarded benefits. The director concluded that Mr. Gayheart had in fact been a "miner" for ten years and that he was therefore entitled to benefits pursuant to the "interim presumption" created by 20 C.F.R. Sec. 727.203. Under Sec. 727.203, any person who has engaged in coal mine employment for at least ten years is presumed totally disabled by pneumoconiosis if any of several specified medical conditions is met.
 
 
 6
 To have engaged in coal mine employment, one must have been a "miner." A miner is defined by 20 C.F.R. Sec. 725.202 as follows:
 
 
 7
 "any person who works or has worked in or around a coal mine or coal preparation facility in the extraction, preparation, or transportation of coal, and any person who works or has worked in coal mine construction or maintenance in or around a coal mine or coal preparation facility. A coal mine construction or transportation worker shall be considered a miner to the extent such individual is or was exposed to coal mine dust as a result of employment in or around a coal mine or coal preparation facility. In the case of an individual employed in coal transportation or coal mine construction, there shall be a rebuttable presumption that such individual was exposed to coal mine dust during all periods of such employment occurring in or around a coal mine or coal preparation facility...." 20 C.F.R. Sec. 725.202.
 
 
 8
 In May of 1987 the district director proposed revocation of Mr. Gayheart's award pursuant to 33 U.S.C. Sec. 922. The district director stated that the record showed Mr. Gayheart had not been a "miner" as defined in Sec. 725.202 and did not otherwise qualify for benefits. An order was issued requiring Mr. Gayheart to show cause why the order awarding benefits should not be changed to reflect a denial of benefits.
 
 
 9
 An informal conference was held, and Mr. Gayheart submitted no additional evidence in the 60-day period following the conference. The district director then issued a proposed decision and order/memorandum of conference denying benefits for the reasons set forth in the revocation proposal.
 
 
 10
 An ALJ to whom the case was subsequently assigned directed Mr. Gayheart to show cause why summary judgement should not be issued revoking benefits. Mr. Gayheart responded that additional evidence would show he had been employed as a coal miner for at least part of his employment and that the award was not modifiable on the grounds asserted by the district director. The ALJ then issued a summary judgment order revoking benefits, and the Benefits Review Board affirmed the order. Mr. Gayheart has petitioned this court for review pursuant to 33 U.S.C. Sec. 921(c).
 
 II
 
 11
 Under Sec. 22 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 922 (a section incorporated in the Black Lung Benefits Act at 30 U.S.C. Sec. 932(a)), a district director is entitled to request modification of disability benefits on either or both of two grounds: (1) a change in conditions; and (2) a mistake in a determination of fact. In O'Keefe v. Aerojet-General Shipyards, Inc., 404 U.S. 254 (1971), the Supreme Court noted the broad scope of Sec. 22 review of disability awards. The purpose of this section, the Court observed, is "to vest a [district director] with broad discretion to correct mistakes of fact, whether demonstrated by wholly new evidence, cumulative evidence, or merely further reflection on evidence initially submitted." Id. at 256. But although there is ample room for modification of disability benefit awards where mistakes of fact have occurred, modification cannot be predicated on mistakes of law. In the event of a mistake of law, the proper recourse is a direct appeal following the original grant or denial of benefits. 33 U.S.C. Sec. 921; O'Keefe, supra, 404 U.S. at 256.
 
 
 12
 The Benefits Review Board held in the instant case that the question whether Mr. Gayheart qualified as a "miner" was a question of fact. We agree. See Amax Coal Co. v. Franklin, 957 F.2d 355 (7th Cir.1992), where the Court of Appeals for the Seventh Circuit analyzed the issue as follows:
 
 
 13
 "We said that a mistake about whether a miner had black lung disease at the time of the initial denial of his application for benefits is a mistake of 'fact,' but this could be questioned. As the Black Lung Benefits Act and the regulations promulgated under it are drafted, a finding of black lung disease is generated by a complex system of presumptions; it is not a straightforward medical judgement. It might better be classified as a 'mixed question of fact and law' or an 'ultimate fact' rather than a plain-vanilla fact. But for many legal purposes (appellate review, for example) such facts, though they are not facts in the lay sense but are instead the outcome of applying legal standards to facts are treated like facts, and one of those purposes we think should be that of deciding whether a black lung case should be reopened." Id. at 357-58 (citations omitted).
 
 
 14
 In O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504 (1951), the Supreme Court reached a similar conclusion. O'Leary was a Longshore and Harbor Workers' Compensation Act case in which a district director had treated as factual the issue of whether an employee's actions "arose out of and in the course of employment." The Court agreed that such a determination is to be treated as one of fact for purposes of review. In the words of Justice Frankfurter,
 
 
 15
 "Here of course [the term 'fact'] does not connote a simple, external physical event as to which there is conflicting testimony. The conclusion concerns a combination of happenings and the inferences drawn from them. In part at least, the inferences presuppose applicable standards for assessing the simple, external facts. Yet the standards are not so severable from the experience of industry or of nature as to be peculiarly appropriate for independent judicial ascertainment as 'questions of law.' " Id. at 507-08.
 
 
 16
 In Banks v. Chicago Grain Trimmers Association, 390 U.S. 459 (1968), similarly, the Supreme Court held that a mistake as to whether an employee's death had resulted from a "work-connected injury" was a mistake of fact, which meant that a district director had authority to modify an earlier denial of benefits under Sec. 22 of the Longshore and Harbor Workers' Compensation Act. The Court expressly rejected a limited reading of the term "fact." If a determination as to whether injuries are "work-connected" is factual in nature, we think a determination as to whether a claimant meets the definition of a "miner" is factual too.
 
 
 17
 We do not read the decision of the Benefits Review Board in Donadi v. Director, Office of Workers' Compensation, 12 BLR 1-166 (Benefits Review Board 1989), aff'd on recon., 13 BLR 1-24 (Benefits Review Board 1989), as pointing to a different conclusion. In Donadi the district director made a factual determination that claimant Donadi had been a coal miner up to and during the year 1977. Benefits were awarded to commence at a point in 1976, the date of the onset of Donadi's disability. Upon later review of the case, the district director concluded that the regulations had been misapplied. Under the regulations, a claimant could not be paid disability benefits while remaining employed as a coal miner. Because Donadi had worked as a coal miner after the date as of which benefits had commenced, the award was modified to correct the error. The Benefits Review Board reinstated the award in its original form, however, holding that the error was one of law.
 
 
 18
 Donadi expressly says that determinations of the sort made by the district director in the case at bar are amenable to review under Sec. 22:
 
 
 19
 "[T]he question of whether the pertinent facts in the instant case, even if undisputed, warrant a conclusion the claimant was indeed 'employed as a miner' until February 1977 ... is the type of determination that would be amenable to modification under Section 22." Id. at 1-27.
 
 
 20
 We think that the question whether Mr. Gayheart qualified as a "miner" on the basis of his work from 1943 to 1955, or any time between, is properly regarded as a question of fact. The district director thus had authority, under Sec. 22, to reopen the award of benefits.
 
 III
 
 21
 Mr. Gayheart contends that summary judgment was inappropriate because, among other things, there remains a genuine issue of material fact as to whether he was a "miner." He also contends that the ALJ violated the Administrative Procedure Act by failing to consider whether the modification rendered justice under the act.
 
 
 22
 The respondent director concedes that there is a genuine issue of material fact and that summary judgment was inappropriate. In view of this concession, we shall remand the case for a full administrative hearing. This disposition makes it unnecessary for us to address Mr. Gayheart's argument that summary judgment cannot be granted sua sponte.
 
 
 23
 The parties are correct, we believe, in their understanding that Mr. Gayheart is entitled to a finding as to whether re-opening his benefits award will serve the interest of justice. In Blevins v. Director, Office of Workers' Compensation Programs, 683 F.2d 139 (6th Cir.1982), this court noted that the purpose of the benefit modification section "is to permit a deputy commissioner to modify an award where there has been 'a mistake in a determination of fact [which] makes such a modification desirable in order to render justice under the act.' " Id. at 142 (quoting Banks, supra, 390 U.S. at 464). See also McCord v. Cephas, 532 F.2d 1377, 1381 (D.C.Cir.1976) ("although the [ALJ] did have jurisdiction to reopen the claim upon grounds of a mistake in a determination of fact, he should have done so only 'to render justice under the act,' and this is subject to review ..."). In considering whether revocation of Mr. Gayheart's benefits will render justice under the act, the ALJ should give due consideration to the fact that some eight years passed between the time of the initial award and the re-opening of the award.
 
 
 24
 The petition for review is GRANTED, and the case is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The title "district director" was recently substituted for the title "deputy commissioner." For the sake of clarity, the term "district director" will be used throughout