**Elmer HIX, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS and United States Department of Labor, Respondents.**

No. 86-3611.

United States Court of Appeals, Sixth Circuit.

Submitted June 15, 1987.

Decided July 30, 1987.

John C. Dixon, Barbourville, Ky., for petitioner.

Benefits Review Bd., U.S. Dept. of Labor, Marta Kusic, J. Michael O'Neill, Office of the Solicitor, U.S. Dept. of Labor, Washington, D.C., for respondents.

Before MERRITT, MARTIN and WELLFORD, Circuit Judges.

WELLFORD, Circuit Judge.

Appellant Elmer Hix, a former coal miner, applied in 1975 for benefits under the Black Lung Benefits Act. The claim was initially denied, but was later reviewed under the liberalized standards of the Black Lung Benefits Reform Act of 1977. The Administrative Law Judge (ALJ) found that Hix had established nine years of coal mine employment, rather than the fifteen years claimed. The ALJ, nevertheless, ap-

plied the regulations under 20 C.F.R. § 727, "the most 'liberal' standards under the Act." The ALJ found that Hix was entitled to a presumption of total disability due to pneumoconiosis under 20 C.F.R. § 727.203(a)(2), but that the evidence rebutted this presumption according to 20 C.F.R. § 727.203(b)(3) and (4). Because of the rebuttal finding, the ALJ denied benefits.

Hix appealed the ALJ's decision to the Benefits Review Board (the Board). Significantly, he did not challenge the ALJ's finding of rebuttal. Because Hix failed to challenge the rebuttal finding, the Board did not examine that issue. Affirming the rebuttal finding as unchallenged, the Board declined to address Hix's arguments concerning his years of coal mine employment, because a finding of rebuttal negates any presumption of disability, if a presumption properly applies. The Board therefore affirmed the order denying benefits on the basis of the rebuttal determination. Hix appealed the Board's decision to this court.

We have recently considered a case almost exactly on point with the procedural history in this case. *See Honaker v. Benefits Review Board,* No. 85–3960 (6th Cir. Oct. 20, 1986) (unpublished per curiam) [805 F.2d 1034 (Table) ]. In *Honaker,* the ALJ had held that the claimant was entitled to the presumption under 20 C.F.R. § 727.-203(a)(4), but that the Director had rebutted the presumption pursuant to section 727.203(b)(4). Slip op. at 1. On appeal to the Benefits Review Board the claimant failed to challenge the ALJ's finding of rebuttal. *Id.* The Board therefore affirmed the ALJ's decision denying benefits, because, regardless of the claimant's arguments concerning evidence to trigger a presumption of disability under section 727.-203(a)(1) and (2), the rebuttal would overcome any presumption. *Id.* On appeal to the Sixth Circuit, the Director argued that the claimant had not exhausted his administrative remedies.

We observed in *Honaker* that an appellate court should not review an ALJ's decision on the merits when the claimant did not raise his claims before the agency. *Honaker,* slip op. at 2, *citing, e.g., Cox v.*

*Benefits Review Board,* 791 F.2d 445, 447 (6th Cir.1986); *Blevins v. Director, OWCP,* 683 F.2d 139, 143 (6th Cir.1982). *Cox* and *Blevins,* among other cases, recognized the general rule that under the exhaustion of remedies doctrine, a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal. *Cox,* 791 F.2d at 447; *Blevins,* 683 F.2d at 143. We have also observed that the Board's review of the ALJ's decision "provides a screening device for frivolous claims and sharpens the focus of debate if further review is sought in the federal courts." *See Gibas v. Saginaw Mining Co.,* 748 F.2d 1112, 1119 (6th Cir.1984), *cert. denied,* 471 U.S. 1116, 105 S.Ct. 2357, 86 L.Ed.2d 258 (1985).

*Honaker* concluded that because the claimant had failed to challenge the ALJ's rebuttal findings on his appeal to the Board, he had failed to exhaust his administrative remedies and could not challenge the rebuttal finding on appeal to the court. *Honaker,* slip op. at 2.

 Although *Cox, Gibas,* and *Blevins* did not address the precise issue presented in *Honaker* and in this case, the *Honaker* opinion is based on a sound application of these cases that preclude judicial review of issues not raised before the agency. In *Blevins,* the court addressed a failure to file any petition within the thirty day limit for filing petitions with the Board, and the court held that a claimant who fails to appeal an ALJ's order to the Board within the thirty day period, "depriving the [Board] of an opportunity to consider an issue, ... may not obtain review of the ALJ's decision...." *Blevins,* 683 F.2d at 143. The same principle applies in this case. Accordingly, we hold that even if a claimant properly appeals some issues to the Board, the claimant may not obtain review of the ALJ's decision on any issue not properly raised before the Board. *Accord Trusty v. Director, OWCP,* 709 F.2d 1509 (6th Cir.1983) (claimant waived right to appeal issue not raised before ALJ or Board). Hix, therefore, is not allowed to argue for the first time on appeal to this court that the ALJ erroneously found the

evidence sufficient to rebut any presumption of disability. We accordingly AFFIRM the denial of benefits, because the rebuttal finding overcomes any presumption of liability.