863 F.2d 883
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clifton JOHNSON, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3013.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1988.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Clifton Johnson appeals from the Benefits Review Board's affirmance of an administrative law judge's denial of his application for black lung benefits. Believing that substantial evidence supports the ALJ's conclusion that Mr. Johnson's pneumoconiosis did not arise out of his coal mine employment, we shall affirm the Director's decision.
 
 
 2
 Between 1930 and 1940 Mr. Johnson worked as a coal loader and hauler for various coal companies. From 1930 to 1935 he shoveled coal from tipples into wagons and then hauled the coal to river barges. The evidence does not reveal whether, after 1935, he loaded coal or transported it or did both. From 1940 through 1942 he worked as a laborer for a quarry. He later worked for 17 years as a truck driver. This employment, like the quarry employment, exposed him to dust, gases, and fumes. A chest x-ray entered into evidence at the administrative hearing revealed that Mr. Johnson suffers from simple pneumoconiosis. The etiology of this condition is not established by the medical record.
 
 
 3
 The ALJ found that Mr. Johnson "was not a coal miner for any significant period of time." Because Mr. Johnson's work around coal mines totaled fewer than 10 years, the ALJ concluded that the section 727.203 presumption of total disability due to pneumoconiosis arising out of coal mine employment was inapplicable. The ALJ further concluded that Mr. Johnson failed to meet the Part 410 burden of proving that his pneumoconiosis arose out of his coal mine employment. The ALJ wrote,
 
 
 4
 "[T]he evidence does not demonstrate [the pneumoconiosis] was causally related to his extremely short period of coal mining (shoveling coal onto his buggy). Logic would dictate otherwise. Moreover, there is no demonstrated causal relationship between coal dust exposure and any pulmonary impairment. Dr. Bennett finds mild airway disease but emphasizes cigarette abuse as opposed to coal dust exposure as a causal factor."
 
 
 5
 Mr. Johnson's brief to the Benefits Review Board erroneously indicated that "[t]he Judge found in the 'Background and History' portion of his Decision that the Miner had worked in the nation's coal mines from 1930 until 1940."
 
 
 6
 In affirming the ALJ's decision, the Benefits Review Board observed that
 
 
 7
 "[w]hile claimant asserts that he has established 10 years of coal mine employment, he makes no specific allegations of error regarding the administrative law judge's determination that the majority of claimant's employment in or around mines, i.e., his work transporting coal from the mines to the barge, was not employment covered by the Act. The administrative law judge's findings that claimant's work transporting coal did not constitute coal mine employment and that claimant failed to establish 10 years of coal mine employment must, therefore, be affirmed."
 
 
 8
 The Board further concluded that "[b]ecause claimant did not establish that his pneumoconiosis arose out of his coal mine employment loading coal for transportation rather than dust exposure in his non-coal mine employment transporting coal, the administrative law judge denied benefits. This finding is rational and supported by substantial evidence."
 
 
 9
 In order to prevail, Mr. Johnson had to show that he was totally disabled due to pneumoconiosis and that the pneumoconiosis arose out of his coal mine employment. See Grant v. Director, OWCP, 857 F.2d 1102, 1106 (6th Cir.1988). A miner who has engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis arising out of that employment if a chest x-ray establishes the existence of pneumoconiosis. 20 C.F.R. Sec. 727.203(a)(1).
 
 
 10
 Mr. Johnson is precluded from asserting that he was a miner for 10 years, that issue not having been properly raised in the appeal to the Benefits Review Board. Hicks v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987). As this court has observed,
 
 
 11
 "[R]egulations requir[e] that '[a] petition for review shall contain a statement indicating the specific contentions of the petitioner and describing with particularity the substantial questions of law or fact to be raised by the appeal.' 20 C.F.R. Sec. 802.210(a) (1985). Consistent with this, the Board has repeatedly held that a party challenging an ALJ's decision must do more than recite evidence favorable to his case, but must demonstrate with some degree of specificity the manner in which substantial evidence precludes the denial of benefits or why the ALJ's decision is contrary to law."
 
 
 12
 Cox v. Benefits Review Board, 791 F.2d 445, 446 (6th Cir.1986). Mr. Johnson made no specific allegations of error regarding the ALJ's determination that the majority of his employment in or around the mines was not "coal mine employment." The Board's affirmance of the ALJ's finding was therefore proper. We agree with the ALJ, moreover, that the evidence fails affirmatively to establish that Johnson was a coal miner for at least 10 years.
 
 
 13
 Where a claimant is unable to invoke the presumption of section 727.203 because he has worked fewer than 10 years as a coal miner, his claim, if filed prior to March 31, 1980, must be analyzed under 20 C.F.R. Part 410. Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987); see also Grant, 857 F.2d at 1105-06. Mr. Johnson's claim was filed on September 10, 1979.
 
 
 14
 Under the Part 410 regulations, Mr. Johnson will be presumed to be totally disabled due to pneumoconiosis if a chest x-ray establishes the existence of the disease and if the impairment arose out of coal mine employment. 20 C.F.R. Sec. 410.490(b). Because it is not disputed that Mr. Johnson's pneumoconiosis has been established by x-ray evidence, this case turns on whether it has been shown that the impairment arose out of coal mine employment. In this connection, Part 410 requires Mr. Johnson to "submit the evidence necessary to establish that the pneumoconiosis from which the diseased miner suffered, arose out of employment in the Nation's coal mines." 20 C.F.R. Sec. 410.456; accord, 20 C.F.R. Sec. 410.416. (Emphasis supplied.)
 
 
 15
 The ALJ explicitly found that the evidence did not demonstrate that Mr. Johnson's pneumoconiosis was causally related to his employment as a coal miner, and in his briefs before this court, Mr. Johnson fails to point to any evidence of the requisite causal link. The ALJ's finding must therefore be permitted to stand, and the Director's denial of black lung benefits must be, as it hereby is, AFFIRMED.