894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROSS COAL COMPANY and Old Republic Insurance Company, Petitioners,
v.
Everett J. NEAL and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 89-3296.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before KEITH, NATHANIEL R. JONES, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioners, Ross Coal Company and Old Republic Insurance Company (Ross), seek review of a Benefits Review Board decision ordering payment of black lung benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901, et seq. (1982). For the following reasons, we remand the case to the Benefits Review Board.
 
 I.
 
 2
 Respondent, Everett J. Neal, born on May 2, 1923, was 61 years old at the time of the hearing. He had a fifth grade education and had worked as a coal miner for over 23 years. Neal last worked for Ross Coal Company in May 1978. Immediately after he left work, he was operated on for stomach cancer.
 
 
 3
 Neal applied for black lung benefits on June 7, 1978. Administrative Law Judge (ALJ) Daniel Goldstein examined medical evidence consisting primarily of chest X-rays and physicians' reports. Three chest X-rays were interpreted several times. Dr. G.A. Weigel stated that an X-ray taken on May 29, 1979 showed that Neal had simple pneumoconiosis (black lung disease). J.App. at 28-29. Dr. J. Roy Biggs, a radiologist, examined the same X-ray and determined that there was some evidence of black lung disease. Dr. W.S. Cole, a "B-reader" (a physician specifically qualified to classify X-ray evidence of pneumoconiosis), determined that the X-ray was negative with respect to active chest disease. Dr. James M. Rouse found no active chest disease based upon the X-ray that he took on August 28, 1979. Finally, on March 31, 1983, Dr. A.R. Hudson, Jr. took an X-ray and found that there was some evidence of abnormalities.
 
 
 4
 Three physicians submitted reports on Neal's condition. Dr. Weigel noted Neal's complaint of shortness of breath and that Neal recently had surgery for stomach cancer. On the basis of the X-ray, Dr. Weigel diagnosed early pneumoconiosis and opined that it realted to coal dust exposure. Nevertheless, Dr. Weigel found no definite limitations on Neal's respiratory system at that time. Id. at 29. In July and August 1979, Dr. Francis A. Goswitz, who treated Neal for his stomach cancer, conducted a general physical examination, took a medical history, and performed various laboratory tests. He did not diagnose any respiratory or pulmonary impairment. On April 1, 1983, Dr. Goswitz submitted a note stating that Neal had no cancer infiltrating his lungs, but he does "suffer from chronic obstructive pulmonary disease which developed from the 26 years that he worked in the coal mines." Id. at 38. On March 31, 1983, Neal was examined by Dr. Hudson, who also reviewed Neal's symptoms and relevant medical history, and conducted several tests. Dr. Hudson commented that:
 
 
 5
 I doubt the patient has any clinically significant chronic lung disease.... I am unable to establish a diagnosis of coal worker's pneumoconiosis within any degree of medical certainty. On the other hand I cannot exclude his coal mining exposure as a causative factor in what ever degree, if any, of chest disease that he has.... There is no relation between his stomach cancer and previous coal mining exposure.
 
 
 6
 Id. at 23.
 
 
 7
 ALJ Goldstein noted that as a coal miner with more than ten years of coal mining employment, Neal may be entitled to the legal presumption that he is totally disabled due to pneumoconiosis arising out of his employment. 20 CFR Sec. 727.203(a). In particular, he found that Neal met the criteria for establishing a presumption under section 727.203(a)(1) because the most recent X-ray established the existence of pneumoconiosis. The ALJ then considered the four different ways that Ross could rebut the presumption under 20 CFR Sec. 727.203(b)(1)-(4), and found that Ross had failed to establish any of four methods of rebuttal. On appeal the Board affirmed ALJ Goldstein's finding of a legal presumption for Neal under section 727.203(a). However, it held that the ALJ erred in its determination that there was no rebuttal under section 727.203(b)(2). Subsection (b)(2) requires that "[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work." The Board ruled that ALJ Goldstein erroneously gave more weight to Dr. Hudson's opinion than to Dr. Weigel's opinion. Because the two medical opinions could be consistent in finding no pulmonary impairment, the Board remanded the case to the ALJ for a new determination of rebuttal under subsection (b)(2).
 
 
 8
 On remand, ALJ White found that Ross had established rebuttal under subsection (b)(2). Rebuttal under subsection (b)(2), ALJ White maintained, requires a showing that the miner has no respiratory or pulmonary impairment preventing the miner from performing his usual coal mine work. Id. at 11. ALJ White concluded that the medical evidence established that Neal had no respiratory impairment. As such, ALJ White denied benefits to Neal. On appeal, the Benefits Review Board reversed, noting that after ALJ White's decision, the Sixth Circuit had changed the standard for (b)(2) rebuttal in York v. Benefits Review Board, 819 F.2d 134 (6th Cir.1987). In particular, the York court stated that to establish (b)(2) rebuttal, the employer must prove that there is no disability, without regard to cause. Using this standard, the Board found that because Neal's stomach cancer prevented him from working as a coal miner, Ross could not rebut the presumption under subsection (b)(2). In addition, the Board denied the relief requested by Ross in a motion for reconsideration. Specifically, the Board refused to grant a new hearing to Ross for two reasons: because none of the medical records satisfied the standard for subsection (b)(3) rebuttal as a matter of law, and because Ross had ample opportunity to submit its arguments to the ALJ below. J.App. at 3.
 
 II.
 A.
 
 9
 This court scrutinizes the Benefits Review Board's decisions for errors of law and for adherence to the statutory standard governing the Board's review of the ALJ's factual determinations. Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 254 (6th Cir.1983). In black lung cases, the Board is not empowered to conduct a de novo review of the facts; it is limited to determining if the ALJ made errors of law and if the factual findings of the ALJ are supported by substantial evidence--the same standard of review used by this court. Id.
 
 B.
 
 10
 Ross first argues that the Board erred by failing to remand the case to the ALJ to determine if it had met the standards of subsection (b)(3) rebuttal. In particular, Ross contends that the Board overstepped its authority by finding that rebuttal under subsection (b)(3) was precluded as a matter of law. Neal responds that Ross is precluded from raising subsection (b)(3) rebuttal on appeal because it failed to appeal the original denial of (b)(3) rebuttal by ALJ Goldstein.
 
 
 11
 Under Sec. 727.203(b)(3), the employer rebuts the presumption for benefits if "the evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment." This circuit has interpreted subsection (b)(3) to place the burden on the employer to establish that "pneumoconiosis was not a 'contributing cause' to the coal miner's disability." Moseley v. Peabody Coal Company, 769 F.2d 357, 361 (6th Cir.1985). Where the miner is disabled by something other than lung disease, the issue is whether or not the lung disease is responsible in whole or in part for the disability. In such cases, the employer must establish that the pneumoconiosis did not contribute in part to the disability. Gibas v. Saginaw Mining Company, 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied 471 U.S. 1116 (1985).
 
 
 12
 In the instant case, Neal was primarily disabled by the stomach cancer. The issue before this court is whether the pneumoconiosis contributed in part to his disability. The Board stated that in order to establish (b)(3) rebuttal, Ross must "rule out any causal connection." J.App. at 3. Subsequently, the Board held that "as none of the medical reports satisfy the standard enunciated in Warman [Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 260-61 (6th Cir.1988) ] and Gibas, rebuttal at subsection (b)(3), even if otherwise available, is precluded as a matter of law." J.App. at 3.
 
 
 13
 We hold that the Board erred because it applied the wrong standard of law, and because it improperly made a factual determination. First, the Board required Ross to "rule out" the possibility that the pneumoconiosis contributed to Neal's disability. However, this circuit has not required the employer to produce medical reports that affirmatively "rule out" the possibility of contributory causation. See Moseley, 769 F.2d at 761. The Seventh Circuit addressed the argument that pneumoconiosis must be affirmatively "ruled out" in Amax Coal Co. v. Burns, 855 F.2d 499, 502 (7th Cir.1988):
 
 
 14
 The claimant in effect argues that the presumption of pneumoconiosis can never be rebutted absent a specific statement by a physician ruling out pneumoconiosis. We disagree. Faced with a complete report of the miner's physical condition which contained no diagnosis of lung disease nor any evidence supporting such a diagnosis, the ALJ reasonably inferred that lung disease was not present.
 
 
 15
 In addition, even if the Board used the proper legal standard, it erred by making a factual determination instead of remanding the case to the ALJ. Where there are factual findings left to be made, the proper procedure is for the Board to remand the case to the ALJ. Rowe, 710 F.2d at 254. Whether the pneumoconiosis contributed to Neal's disability is a question of fact. Our review of the record indicates that the evidence concerning contribution to the disability is mixed. ALJ White found that Ross established rebuttal under subsection (b)(2), but he used the pre-York standard--whether there was a respiratory or pulmonary impairment that disabled the miner. In making this finding, ALJ White determined that "the gist of the doctors' opinion appears to be that Mr. Neal does not have any pulmonary impairment" and that these opinions are "supported by their objective studies" and are "reasoned." J.App. at 11. On this basis, enough evidence demonstrating a lack of pneumoconiosis under the standard of subsection (b)(3) exists to remand the instant case to the ALJ to make the proper factual determination.
 
 
 16
 Neal argues that Ross is precluded from bringing up rebuttal under subsection (b)(3) because it failed to raise the issue in the appeal from the decision of ALJ Goldstein. Neal relies upon Hix v. Director, Office of Workers' Compensation Programs, 824 F.2d 526 (6th Cir.1987), where this court ruled that it could not consider arguments that were not raised to the Board. On this basis, Neal contends that there is no issue left that would form a valid basis for remand.
 
 
 17
 We reject Neal's contention for two reasons. First, unlike Hix, the Board in the instant case considered Ross' argument regarding (b)(3) rebuttal in its denial of relief in the motion for reconsideration. Second, Ross failed to appeal the decision of ALJ Goldstein finding no rebuttal under (b)(3) because at the time, the issue of whether Neal suffered from any disability due to a respiratory impairment was considered under subsection (b)(2). In York, 819 F.2d at 137, this circuit changed the standard of rebuttal under (b)(2) to a showing of no disability for any cause. Due to York, evidence indicating that there was not a respiratory or pulmonary impairment became a subject for proper inquiry under subsection (b)(3). While Ross did not originally appeal the denial of (b)(3) rebuttal, after the decision in York, it treated the case as a (b)(3) case in its defense during Neal's appeal to the Board in 1987. Therefore, we conclude that Ross should be able to bring his (b)(3) claim before this court because the change has not been in the substance of Ross's contention, but instead in the subsection where the argument should properly be addressed. See Wright v. Island Creek Coal Company, 824 F.2d 505, 508 (6th Cir.1987) (this court examined evidence formerly relevant in the (b)(2) context under the standards of (b)(3) post-York ).
 
 C.
 
 18
 Ross also contends that it is entitled to a de novo hearing on the issue of subsections (b)(2) and (b)(3) rebuttal. It argues that since the standard for each changed during its appeal, "fairness" and "justice" require a new trial or hearing before the ALJ. Ross first contends that because York changed the standards for proving (b)(2) rebuttal, fundamental fairness requires a new trial on the question of (b)(2) rebuttal using the York standard. We find this argument unpersuasive. The York standard requires the employer to prove that there is no disability at all to establish (b)(2) rebuttal. In the instant case, there is overwhelming evidence that Neal is disabled due to the cancer. As such, a new trial is unnecessary, for the previous factual findings of the ALJ are sufficient to establish the lack of merit of the argument for (b)(2) rebuttal.
 
 
 19
 Ross also argues that Gibas, 748 F.2d at 1120, changed the standard for (b)(3) rebuttal, thus requiring a new trial. Again we conclude that a new trial is not warranted. The change in the law, if any, is not relevant since the ALJ has not yet made specific findings about contributory causation under subsection (b)(3). As such, fundamental fairness is not implicated. In any event, the Board properly noted that Ross had ample opportunity to present evidence to ALJ White. While the subsection under which arguments for rebuttal are permitted has changed, the argument concerning lack of respiratory impairment remains the same. If upon remand the ALJ feels that a new trial is necessary to make a judgment as to contributory causation, then the ALJ has the discretion to hold a supplemental hearing. However, the ALJ may be able to decide whether subsection (b)(3) rebuttal has been established simply by reexamining the record.
 
 III.
 
 20
 For the foregoing reasons, we REMAND this case to the Benefits Review Board with instructions to send the matter to the ALJ to decide whether Ross can establish subsection (b)(3) rebuttal.