JoAnn McBRIDE, Plaintiff,

v.

Louis W. SULLIVAN, M.D., Secretary
of Health and Human Services,
Defendant.

No. 87 C 5344.

United States District Court,
N.D. Illinois, E.D.

Jan. 24, 1991.

Mary J. Clark, Sullivan, Smith, Hauser &
Noona, Ltd., Waukegan, Ill., for plaintiff.

William Clabault, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ANN C. WILLIAMS, District Judge.

This matter is before the court on the defendant's and the plaintiff's cross motions for summary judgment. For the reasons explained below, the Secretary of Health and Human Services' motion for summary judgment is granted, and plaintiff's request for supplemental security income benefits under the Social Security Act is denied.

### Background

JoAnn McBride applied for disability benefits and supplemental security income benefits under the Social Security Act, 42 U.S.C. §§ 423, 1381a. In May, 1986, her claims were denied by the Department of Health and Human Services. Plaintiff contested these findings, and received a hearing before an administrative law judge (ALJ) on September 23, 1986. On November 17, 1986, the ALJ made a finding of no disability; more specifically, the ALJ determined that Ms. McBride could return to her former job as a food server. The Appeals Council denied Ms. McBride's request for review, making the ALJ's decision the final decision of the Secretary.

Plaintiff subsequently sought judicial review of the Secretary's final decision pursuant to 42 U.S.C. § 405(g). On July 27, 1988, this court remanded plaintiff's claim to the Secretary to determine whether plaintiff's pain and fatigue alone, or in combination with her other illnesses amounted to a disability under the Act. On June 6, 1989, the ALJ issued a recommended decision, again finding that McBride was not disabled. This became the Secretary's final decision when it was adopted by the Appeals Council. Both parties now seek

summary judgment on the issue of whether plaintiff is entitled to disability benefits and supplemental security income benefits under the Act. For the reasons explained below, the defendant's motion for summary judgment is granted.

### Background

At the time of the initial hearing before the ALJ, plaintiff was a 41 year old woman living in Chicago, Illinois. She completed the eighth grade in school, and has no vocational training. (C.T. 27). McBride began working at age fourteen, and continued to work on a variety of jobs, until May 21, 1985. Most recently, McBride has worked as a food server at Plantation Bakeries and Outboard Marine Corporation.

Prior to 1985, plaintiff had problems with chest pains and seizures, but continued to work despite these problems. The seizures, chest pains, and related symptoms became worse over a period of three years, leading up to the incident in May, 1985, when plaintiff was hospitalized. McBride was hospitalized from May 28, 1985, through June 1, 1985 (C.T. 118–131); she entered the hospital again from May 26, 1986, through May 30, 1986 (C.T. 206–213). Plaintiff stopped work in May, 1985; she claims that because of her medical impairments and the side effects of her medical treatment, she is unable to work.

At the hearing before the Administrative Law Judge, Ms. McBride testified that she experiences severe chest pains every day, as well as painful headaches. These pains vary in intensity and length; some last only a few seconds, while others last from five to twenty minutes. McBride also experiences other pains throughout her body. McBride also complained of extreme weakness and fatigue. McBride explained that she is generally too weak to leave her home during the day, and cannot walk more than a block or two without becoming exhausted. Both McBride's pain and weakness are aggravated when she exerts herself.

A letter, written by Dr. William Relyea, Ms. McBride's treating physician, supports her claim for disability benefits. Dr. Relyea notes that McBride is suffering from mitral valve prolapse, seizures, hypoglycemia, supraventricular tachycardia, degenerative arthritis, and fibroid tumors in her uterus. Dr. Relyea indicated that McBride was taking medication for several of her ailments. Nitroglycerin relieves some of McBride's chest pain, and dilantin controls her seizures. Plaintiff's hypoglycemia is controlled by a special diet. While stating his belief that McBride may qualify for benefits under the Social Security Act because of an inability to do stressful work, or work involving unusual physical activity, Dr. Relyea unfortunately did not even mention the severe pain and fatigue plaintiff also claims she is suffering from.

After filing her claim for disability benefits, McBride was tested and examined by physicians at the Illinois Disability Determination Service. Her examining physician, Dr. Kian Sie, found no evidence that plaintiff was suffering from a variety of serious heart ailments, like mitral valve click, cardiac arrhythmias, or tachycardia. An exercise tread mill test revealed that plaintiff did not have chest pain at 10 METS, but that she did experience an episode of supraventricular tachycardia. Further, Dr. Sie did not believe that plaintiff's complaints of pain were typical of angina pectoris. Dr. Sie's report suggested that McBride's arthritis was either non-existent, or not very severe. In his examination of McBride Dr. Sie found no swelling, or deformity of her joints. Further, all of McBride's joints had a full range of motion.

The designated reviewing physician, Dr. E.G. Wood, found that the severity of plaintiff's impairments did not meet or equal that of any impairment described in the list of impairments.

### The Motion for Summary Judgment

The main issue on appeal, as in all reviews of the Secretary's final decision, is not whether Ms. McBride is disabled, but whether there is substantial evidence to support the ALJ's finding of no disability. *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir.1987). The Social Security Administration has set out a five-step test that must be used to determine disability. 20 C.F.R.

§ 404.1520 (1987). The Seventh Circuit summarized this test as follows:

> The following five steps are addressed in order: (1) Is the claimant's presently employed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of the list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, in steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Zalewski v. Heckler,* 760 F.2d 160, 162, n. 2 (7th Cir.1985).

The ALJ initially found that McBride is not disabled within the meaning of the Act. On remand the ALJ again found that:

> although the objective medical evidence shows that plaintiff has a mitral valve prolapse, stress induced supraventricular tachycardia, and a seizure disorder, her impairments singly or in combination, do not meet or equal the level of severity required by the Listing of Impairments in Appendix 1 ...

On remand, the ALJ stated that in making his findings he had considered whether plaintiff's ailments in combination with her complaints of chest pain, weakness and fatigue might amount to a disability. The ALJ determined that:

> after reviewing all the medical evidence and assessing the claimant's appearance and demeanor during the hearing, the undersigned concludes that the claimant does not have chest pain or weakness and fatigue that equals a listed impairment or that prevents her from doing her former work as a food server and light assembler.

The ALJ noted that while McBride would be precluded from performing heavy work, she could still perform her past relevant work as a food server and light assembler. Therefore, he concluded at step four that Ms. McBride could perform her previous occupation and was not disabled.

It is clear that the ALJ based his findings on the objective medical evidence presented in this case. He principally relies on Dr. Sie's findings, but also considered the report submitted by plaintiff's own physician. The ALJ found that the evidence presented failed to show that McBride is suffering from a disability within the meaning of the Act. The ALJ also concluded that there is no medical evidence that plaintiff suffers from any medical condition that would cause severe weakness and fatigue leading to a disability under the act. The ALJ's rejection of the McBride's claim that she is suffering from severe weakness and fatigue was also influenced by his observations of the plaintiff at her hearing.

Plaintiff contends that the ALJ's findings should be rejected for a variety of reasons: 1) the redetermination was not fair and impartial; 2) the ALJ improperly assessed the evidence; 3) the redetermination was not based on substantial evidence; and 4) the remand decision was not based on any vocational evidence. The court finds these arguments are unpersuasive.

First, plaintiff's argument that the remand was not fair and impartial is without merit. The court notes that the ALJ had no obligation to hold a new hearing on plaintiff's claim; if plaintiff desired a hearing, she should have requested one. In addition, if plaintiff objected to ALJ Stillerman deciding her case, she could ask for his disqualification. McBride was represented by counsel, and should have been informed of all her options.

In his favor, the ALJ allowed plaintiff to submit further evidence of her pain and fatigue on remand; the plaintiff chose to pass up this opportunity. Finally, the court notes that this court is an improper forum for plaintiff's argument that the remand was not fair and impartial, since administrative procedures exist to address the plaintiff's objections. *Hix v. Director, Office of Workers' Compensation Programs,* 824 F.2d 526, 527 (6th Cir.1987). Plaintiff next argues that the ALJ did not properly assess the evidence, and that neither the redetermination, or the ALJ's orig-

inal finding of no disability was based on substantial evidence. The plaintiff asserts that the objective medical evidence, such as her EKG, showed evidence of a disability. Plaintiff also contends that the ALJ gave almost no weight to her testimony regarding her subjective complaints. The court disagrees with the argument that the evidence presented requires a finding of substantial disability. The court finds that the ALJ's conclusions are supported by the material in the record, and that the ALJ properly assessed the evidence presented.

The function of the ALJ is to weigh the evidence. Even if an inconsistent conclusion may have been drawn from the evidence, as long as there is substantial evidence in the record to support the ALJ's findings, his conclusion must stand. *Walker*, 834 F.2d at 640. In the instant case, in making his decision, the ALJ considered McBride's testimony, as well as the reports submitted by Dr. Relyea, and Dr. Sie. The ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion. *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982). While the ALJ did not find in the plaintiff's favor, his decision indicates that he did not ignore evidence suggesting an opposite conclusion.

In the case at bar, the ALJ found that McBride's impairments do not prevent her from returning to her former work. In support of this finding, the ALJ cited Dr. Relyea's letter suggesting that some of McBride's ailments were under control with medication, as well as assorted tests and a physical examination conducted by Dr. Sie, of the Illinois Disability Determination Service, found that McBride was not disabled and found no evidence that McBride suffers from a severe heart condition, or arthritis. There were no indications that plaintiff's pain or weakness were so severe that they interfered with her ability to eat, sleep or concentrate.

It was reasonable for the ALJ to find that, although McBride's treating physician diagnosed her as experiencing various impairments, and concluded that plaintiff was disabled, this opinion was not sup-

ported by sufficient medical evidence. Dr. Relyea's opinion was not supported by any objective clinical tests, and was contradicted by Dr. Sie, who conducted a thorough consultative examination of the plaintiff. Despite plaintiff's arguments otherwise, the ALJ is not bound by plaintiff's treating physician's conclusion of disability, particularly when that conclusion is not supported by objective evidence. *DeFrancesco v. Bowen*, 867 F.2d 1040, 1043 (7th Cir.1989). Further, case law clearly indicates that medical conclusions of consulting physicians do not necessarily outweigh the conclusions of consulting physicians. *Walker*, 834 F.2d at 644. *See also, Stephens v. Heckler*, 766 F.2d 284, 289 (7th Cir.1985).

The ALJ considered, but appeared to give little credence to McBride's testimony that she is suffering from severe pain. Although the ALJ did not believe plaintiff's testimony, he did offer a minimal articulation of his assessment of the evidence in order to permit the appellate court to review his decision. *Zalewski v. Heckler*, 760 F.2d 160, 166 (7th Cir.1985). In this case, the ALJ commented on the plaintiff's appearance, noting that she did not appear to be fatigued, or in pain, throughout the hearing. The ALJ noted that plaintiff has not lost weight, or suffered from an inability to concentrate. The ALJ finally noted that despite plaintiff's complaints of pain and fatigue, her own physician failed to mention these complaints in his report.

The denial of benefits must be based on substantial evidence. *Imani v. Heckler*, 797 F.2d 508 (7th Cir.1986). At the same time, the plaintiff has the ultimate burden of establishing entitlement to benefits by proving the existence of a disability. *Walker v. Bowen*, 834 F.2d 635, 640, n. 3 (7th Cir.1987). The ALJ properly considered all of the plaintiff's complaints, and all of the evidence supporting her claim, but was not persuaded that plaintiff is disabled within the meaning of the Act. Relying on Dr. Relyea's letter and plaintiff's testimony, the ALJ found that plaintiff's complaints of chest pain are cured by nitroglycerin. The ALJ cited Dr. Relyea's letter as proof that plaintiff's seizures are infre-

quent, and reasonably well controlled by dilantin. Based on Dr. Sie's report, the ALJ concluded that there was no medical proof that McBride suffers from arthritis. (When diagnoses are not supported by medically acceptable clinical and diagnostic techniques, such diagnoses need not be accorded great weight.) *Arbogast v. Bowen*, 860 F.2d 1400, 1405 (7th Cir.1988). Based on the results of tests and examinations conducted by the Disability Determination Service, the ALJ concluded that McBride is not suffering from a severe heart ailment. The objective medical evidence, coupled with his own observations led the ALJ to conclude that the plaintiff's pain and fatigue is not severe enough to amount to a disability under the Act. The court finds that the ALJ's conclusion that the plaintiff is not suffering from a disability is both reasonable and supported by the available evidence.

McBride's last argument is that the ALJ's decision was not based on any vocational assessment. This argument is without merit. Based on the medical evidence the ALJ found that McBride is able to perform her past relevant work, although her condition prevents her from performing heavy work activity. The ALJ also ruled out jobs that are performed at heights, around unguarded machinery, or which require the operation of a motor vehicle. The ALJ's assessment was supported by the letter from McBride's physician, which states only that plaintiff is precluded from doing stressful work, or work requiring unusual physical activity. The ALJ apparently rejected the report issued by the Vocational Assessment Specialist from the Illinois Department of Rehabilitation Services and that decision was within the ALJ's discretion.

### Conclusion

For the foregoing reasons, the defendant's motion for summary judgment is granted. This case is dismissed. Plaintiff's cross motion for summary judgment is denied.