925 F.2d 1463
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles Edwin HOWARD, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 90-3618.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1991.
 
 1
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and HACKETT, District Judge.*
 
 ORDER
 
 2
 Charles Edwin Howard petitions for review of the Benefits Review Board's decision affirming a denial of benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901 et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Howard filed the claim for benefits now before us on appeal on February 15, 1984. After the Department of Labor denied his claim, Howard appealed the decision to an Administrative Law Judge (ALJ), who found that the claimant had established total disability pursuant to Secs. 20 C.F.R. 718.204(c)(1) and (c)(4). However, the ALJ also found that Howard had failed to establish the existance of pneumoconiosis pursuant to Sec. 718.202(a). On appeal to the Benefits Review Board (BRB), the ALJ's findings under Secs. 718.202(a)(2) through (a)(4) were affirmed, as the Board noted that these findings were not challenged by either party. The BRB also held that the ALJ's finding in regard to the x-ray evidence pursuant to 20 C.F.R. Sec. 718.202(a)(1) was supported by substantial evidence in the record. On appeal, Howard argues that the BRB erred in denying Black Lung Benefits based on the ALJ's finding that he did not have pneumoconiosis.
 
 
 4
 Upon review, this court must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must determine only whether the decision below is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam).
 
 
 5
 Upon review of the x-ray evidence of record, we conclude that the ALJ properly assigned greater probative weight to the most recent x-ray evidence and to readings by physicians with superior qualifications and credentials. Saginaw Mining Co. v. Ferda, 879 F.2d 198, 205 (6th Cir.1989); Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 261-62 (6th Cir.1988). Therefore, the ALJ's determination that the x-ray evidence does not support a finding of pneumoconiosis is supported by substantial evidence in the record, which finding was appropriately affirmed by the BRB.
 
 
 6
 Although Howard argues on appeal that, under Sec. 718.202(a)(4), several other physicians' opinions support a finding of pneumoconiosis, the arguments and issues he now raises pursuant to that subsection were not first presented to the BRB and, therefore, this court may not address those arguments or weigh that evidence on appeal. Hix v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987). Cox v. Benefits Review Board, 791 F.2d 445, 446-47 (6th Cir.1986) (per curiam).
 
 
 7
 Accordingly, the petition for review is hereby denied, and the BRB order filed May 31, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Barbara K. Hackett, U.S. District Judge for the Eastern District of Michigan, sitting by designation