933 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Budde PLAYTER, Petitioner,
v.
FEDERAL AVIATION ADMINISTRATION, Respondent.
 No. 90-3420.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1991.
 
 Before KEITH and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner Budde Playter seeks review of a decision by the Administrator of the Federal Aviation Administration assessing a civil penalty against him for violation of certain aviation regulations. For the reasons that follow, we affirm.
 
 I.
 
 2
 Following the investigation of an incident involving the alleged flying of an aircraft at an impermissibly low altitude, the Federal Aviation Administration ("FAA") issued a "Notice of Proposed Civil Penalty" to the pilot, petitioner Budde Playter. Playter responded by requesting an informal conference with FAA officials pursuant to the provisions of 14 C.F.R. Sec. 13.16(f). However, when the conference did not result in an agreeable resolution of the problem, Playter exercised his right under 14 C.F.R. Sec. 13.16(g)(3) to a further and more formal hearing before an administrative law judge (ALJ).
 
 
 3
 Under the FAA's Rules of Practice (14 C.F.R. pt. 13, Subpt. G), the issues at the formal hearing are framed for the ALJ by a procedure that begins with the FAA's issuance of an "Order of Civil Penalty," which is served on the alleged violator and which, both by its own express terms and by operation of 14 C.F.R. Sec. 13.208, operates as a complaint in the case. An Order of Civil Penalty was issued in this case on July 24, 1989, and copies of the order were served on Playter and his attorney.
 
 
 4
 The FAA's Rules of Practice also prescribe the filing of an answer in response to the "Order of Civil Penalty," 14 C.F.R. Sec. 13.209, and allow 30 days within which the answer is to be filed. To apprise the alleged violator of his duty to answer, the order itself contains a prominent notice that states:
 
 ANSWER
 
 5
 You must answer this Order, which serves as the Complaint in this proceeding, not later than thirty (30) days from the date it is served on you in accordance with Section 13.209 of the Federal Aviation Regulations. Failure to file an answer within 30 days will be deemed an admission of the truth of the allegations set forth in this Order and an Order Assessing Civil Penalty shall be issued. 14 C.F.R. Section 13.209.
 
 
 6
 Neither Playter nor his attorney filed an answer, but Playter's attorney did take the steps necessary to schedule a formal hearing by filing a "Joint Procedural Schedule" dated August 23, 1989, and he had discussions with the FAA attorney relative to scheduling the hearing. At the outset of the formal hearing on November 29, 1989, counsel for the FAA made an oral pretrial motion to default Playter on the ground that he had not filed an answer as required. The ALJ considered the motion and overruled it stating:
 
 
 7
 This is a typical problem we've been having in these cases, because the rules are confusing at best.... I'm going to deny the motion, consider that the prior conference and discussion with Mr. Brown where there was a clear indication that the matter would be contested, is sufficient to be considered as constituting an answer in this matter, contesting factual allegations of the Complaint. And I will proceed on with the Hearing on the Merits of the Complaint.
 
 
 8
 The hearing proceeded and petitioner Playter was exonerated on facts not important to this appeal.
 
 
 9
 The FAA appealed the ALJ's decision to the Administrator of the Federal Aviation Administration ("Administrator") pursuant to 14 C.F.R. Sec. 13.233 and obtained a reversal. In his opinion, the Administrator addressed only the procedural issue concerning Playter's failure to answer and held that the language of 14 C.F.R. Sec. 13.209(f) was mandatory insofar as it provided that an order assessing a civil penalty "shall be issued" (emphasis supplied) in the absence of a timely answer. He went on to consider whether there was "good cause" which might excuse Playter's failure to answer and, finding none, directed the issuance of an order assessing a civil penalty in the amount of $3,000.00. The order assessing the penalty was duly issued on March 22, 1990.
 
 
 10
 The Administrator's decision, representing the final adjudicative agency action in this case, issued on March 16, 1990. Approximately one month later, on April 13, 1990, the D.C. Circuit issued its opinion in Air Transport Association v. Department of Transportation, 900 F.2d 369 (D.C.Cir.1990), vacated and remanded, --- U.S. ----, 111 S.Ct. 944 (1991). In that case the court held that the FAA Penalty Rules governing civil penalty cases, 14 C.F.R. pt. 13; i.e., the very rules the Administrator applied to default Playter, were invalid because they had been promulgated without the notice and comment procedures it believed were required by the Administrative Procedure Act. The D.C. Circuit stayed all pending civil penalty cases but expressed no opinion about what should be done with the cases already finally determined by the agency. Playter timely perfected his appeal to this court pursuant to 49 U.S.C.App. Sec. 1486.
 
 
 11
 The first issue in this appeal is whether the FAA violated the due process clause of the Fifth Amendment[1] by using a procedure against Playter in which the initiator of the penalty proceeding (FAA) was also the adjudicator of that proceeding (the FAA Administrator). Playter argues that there is an unconstitutional bias in favor of the agency inherent in such situations. The second issue is whether the civil penalty assessed against Playter as the result of proceedings under the FAA's Penalty Rules can stand now that those rules have been declared invalid by the D.C. Circuit's decision in Air Transport Association v. Department of Transportation.
 
 II.
 A.
 
 12
 Petitioner Playter argues that the FAA's adjudicatory system violates the due process clause of the Fifth Amendment in allowing the FAA Administrator to be the final agency decision-maker in a case initiated by his own agency. The record shows that the FAA commenced this proceeding by the filing of what amounts to a complaint. The FAA also issued the final ruling in the proceeding resulting from that complaint when its Administrator sustained the Order of Civil Penalty and directed the issuance of an order of assessment. Because the Administrator is the head of the FAA, Playter argues that he must necessarily have a compelling "interest in affirming the propriety of determinations made by his delegates...." Brief for Petitioner at 10. Playter contends that this supposed interest creates an intolerable bias on the part of the Administrator which has resulted in a denial of the process otherwise due him.[2]
 
 
 13
 Typically, an agency head acts legislatively in issuing rules, acts in an executive manner by managing the prosecuting power of the agency, and acts judicially in deciding cases that arise under the rules he has issued. Without more, that diversity of function has not been held to prove an intolerable bias in the agency head such as might disqualify him or her from operating in the adjudicative role.
 
 
 14
 It is not surprising, therefore, to find that "[t]he case law, both federal and state, generally rejects the idea that the combination [of] judging [and] investigating functions is a denial of due process...." 2 K. Davis, Administrative Law Treatise, Sec. 13.02, p. 175 (1958). Similarly, our cases, although they reflect the substance of the problem, offer no support for the bald proposition ... that agency members who participate in an investigation are disqualified from adjudicating.
 
 
 15
 Withrow v. Larkin, 421 U.S. 35, 53 (1975).
 
 
 16
 There is no inference of bias to be drawn in such situations. To the contrary, there is a presumption that those making adjudicative decisions within the agencies are not biased.
 
 
 17
 We must start, however, from the presumption that the hearing officers ... are unbiased. This presumption can be rebutted by a showing of conflict of interest or some other specific reason for disqualification. But the burden of establishing a disqualifying interest rests on the party making the assertion.
 
 
 18
 Schweiker v. McClure, 456 U.S. 188, 195-96 (1982) (citations omitted). Accord Cobb v. Yeutter, 889 F.2d 724, 731 (6th Cir.1989); Kessel Food Markets, Inc. v. NLRB, 868 F.2d 881, 887 (6th Cir.), cert. denied, 110 S.Ct. 76 (1989); NLRB v. Ohio New and Rebuilt Parts, Inc., 760 F.2d 1443, 1451 (6th Cir.), cert. denied, 474 U.S. 1020 (1985).
 
 
 19
 In this case, there is no proof of actual bias for us to review because petitioner Playter did not raise this issue below in any form. On appeal he asks us to assume that which there is a presumption against. We decline his request.
 
 
 20
 There is another reason why petitioner Playter's argument on this issue must fail. A statute precludes our review of issues not raised before the agency. Playter seeks judicial review of the administrator's order pursuant to 49 U.S.C.App. Sec. 1486. Subsection (e) of that section provides:
 
 
 21
 The findings of facts by the Board or Secretary of Transportation,[3] if supported by substantial evidence, shall be conclusive. No objection to an order of the Board or Secretary of Transportation shall be considered by the court unless such objections shall have been urged before the Board or Secretary of Transportation or, if it was not so urged, unless there were reasonable grounds for failure to do so.
 
 
 22
 In similar situations, we have held that failure to raise a particular claim before an agency removes that issue from appellate review. Brotherhood of Locomotive Engineers v. I.C.C., 909 F.2d 909, 912 (6th Cir.1990); Hix v. Director, OWCP, 824 F.2d 526, 527 (6th Cir.1987); see also Pinney Dock and Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1461 (6th Cir.), cert. denied, 488 U.S. 880 (1988). As it is undisputed that Playter raised no objection to the Administrator's supposed bias, we are without jurisdiction to consider this claim on appeal.
 
 B.
 
 23
 Petitioner Playter's remaining challenge to the civil penalty order issued in this case is based on Air Transport Association v. Department of Transportation, 900 F.2d 369 (D.C.Cir.1990), vacated and remanded, --- U.S. ----, 111 S.Ct. 944 (1991). As earlier stated, that case was decided by the D.C. Circuit approximately a month after the final decision issued by the Administrator, the final agency action in this case. In Air Transport the D.C. Circuit held that the FAA had improperly promulgated its regulations governing the adjudication of civil penalty actions ("Penalty Rules"), 14 C.F.R. pt. 13, because it did not comply with the notice and comment requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. Sec. 553 (1988).
 
 
 24
 To remedy this failure, the D.C. Circuit prohibited the FAA from initiating new prosecutions under the Penalty Rules but allowed it to hold pending actions in abeyance while it engaged in further rulemaking. The court held:
 
 
 25
 If and when the FAA promulgates a final rule for adjudication of administrative penalty actions, it may then resume prosecution of these cases. A defendant in such a case may also be free to raise the defense that the FAA could not have successfully prosecuted him but for the agency's reliance on some aspect of the Penalty Rules abandoned in the new scheme. Finally, we take no position on whether parties whose cases have reached a final determination under the Penalty Rules may now raise the procedural invalidity of the Rules as a ground for seeking review.
 
 
 26
 Air Transport, 900 F.2d at 380-81.
 
 
 27
 Following the decision in Air Transport, the FAA published additional notices in the Federal Register announcing tentative modifications of the Penalty Rules and eliciting comments regarding all aspects of the rules. See 55 Fed.Reg. 15110, 15134 (April 20, 1990). On July 3, 1990, the FAA repromulgated the Rules in their entirety. 55 Fed.Reg. 27548 (July 3, 1990). Thus, it appears that the FAA has carried out the mandate of the D.C. Circuit in Air Transport and now has in place a set of Penalty Rules promulgated in accordance with 5 U.S.C. Sec. 553.
 
 
 28
 It does not appear that petitioner Playter is seeking the kind of relief granted by the court in Air Transport; viz., a declaration that the Penalty Rules were invalidly promulgated and must be repromulgated. However, since those rules have now been repromulgated in accordance with the notice and comment provisions of the APA, any such request for relief would be moot.
 
 
 29
 At the suggestion of the parties, the Supreme Court issued an order on February 19, 1991, vacating the judgment in Air Transport and remanding the case to the D.C. Circuit to consider the question of mootness raised by the FAA's repromulgation of the Penalty Rules. Department of Transp. v. Air Transport Ass'n, --- U.S. ----, 111 S.Ct. 944 (1991). At the outset we note that we lack jurisdiction to hear an appeal if the appellant's injury is unlikely to be redressed by a decision in his favor. Brock v. International Union, UAW, 889 F.2d 685, 690 (6th Cir.1989); see Heimberger v. School Dist. of Saginaw, 881 F.2d 242, 246 (6th Cir.1989); Jaimes v. Toledo Metropolitan Housing Auth., 758 F.2d 1086, 1093 (6th Cir.1985). In Iron Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983), the Supreme Court stated:
 
 
 30
 Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies. To satisfy the Art. III case-or-controversy requirement, a litigant must have suffered some actual injury that can be redressed by favorable judicial decision.
 
 
 31
 Because the Penalty Rules have already been repromulgated in accordance with the APA, any relief sought by petitioner Playter of the kind granted in Air Transport is mooted. See Hedge v. Lyng, 689 F.Supp. 898, 908 (D.Minn.1988) (Appropriate remedy for violation of 5 U.S.C. Sec. 553 is repromulgation, and after repromulgation claims based on Sec. 553 violation are moot.).
 
 
 32
 Rather than arguing that the invalidity of the Penalty Rules requires their repromulgation, petitioner Playter contends that his civil penalty should be set aside because the Penalty Rules that govern the FAA proceedings against him were invalid and entirely inoperative. Therefore, he reasons, the penalty assessed against him cannot stand.
 
 
 33
 In view of the Supreme Court's decision in Air Transport, there is now an absence of authority for petitioner's contention that the Penalty Rules applied in his case were invalid. The parties in this case have referred us to only one pertinent change made in the repromulgated regulations, which is that the nomenclature of the pleading used to initiate civil penalty proceedings has been changed from "Order of Civil Penalty" to "Complaint." Compare 55 Fed.Reg. 27577 (1990) with 14 C.F.R. Sec. 13.208 (1990). Under the repromulgated regulations, however, the answer requirement remains the same. A timely response to the original pleading is still required, and the consequence of failing to file one remains unchanged; i.e., admission of all charges in the complaint. Thus, no matter which set of Penalty Rules is applied to Playter's case, his procedural failure to answer admits the case against him and subjects him to the assessment of a penalty. Petitioner Playter has not shown how he was actually prejudiced in the adjudication of his case by the application of the old Penalty Rules, and application of the new ones would not change the result.
 
 
 34
 We are limited in our review of agency decisions by 5 U.S.C. Sec. 706, which provides, in relevant part, that during appellate review "due account shall be taken of the rule of prejudicial error." See Consolidated Gas Supply Corp. v. Federal Energy Regulatory Comm'n, 606 F.2d 323, 328 (D.C.Cir.1979), cert. denied, 444 U.S. 1073 (1980); Citizens to Preserve Overton Park, Inc. v. Volpe, 432 F.2d 1307, 1314 (6th Cir.1970), rev'd on other grounds, 401 U.S. 402 (1971). Because the regulations have not materially changed on repromulgation, at least respecting the answer requirement that proved decisive in this case, we do not believe that Playter has been prejudiced by the application to him of procedural rules which may not have been promulgated in accordance with appropriate APA procedures. It is clear that one of the sets of Penalty Rules must be applied to his case, but, whether this court decides to review the case under the old rules or to apply the newly repromulgated rules retroactively, the outcome remains the same because Playter's default carries the same consequences under either set of rules. Therefore, any error by the Administrator in applying the original Penalty Rules to Playter's case is harmless, and this case falls within the rule contained in 5 U.S.C. Sec. 706.
 
 III.
 
 35
 For the reasons stated, the decision of the Administrator is AFFIRMED.
 
 
 
 [1]
 Petitioner actually alleged a violation of the Fourteenth Amendment. We will read his allegation to mean the Fifth Amendment
 
 
 [2]
 There is no allegation that the Administrator had a personal bias against the petitioner
 
 
 [3]
 The Administrator has succeeded to certain of the duties of the Secretary of Transportation, 49 U.S.C. Sec. 106(g), and his decisions are administratively final. 49 U.S.C. Sec. 106(h)