977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edgar ELSWICK, Petitioner,
v.
DIRECTOR, OFFICER OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-3202.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1992.
 
 Before KEITH, KENNEDY and NATHANIEL R. JONES, Circuit Judges.
 
 ORDER
 
 1
 Edgar Elswick, a former Kentucky coal miner, appeals pro se from the decision of the Benefits Review Board of the Department of Labor which affirmed an Administrative Law Judge's decision denying his application for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The Administrative Law Judge (ALJ) in this case determined that Mr. Elswick had been employed in coal mining for thirty-seven years. Examining his claim under the regulations found at 20 C.F.R. Part 727, the ALJ determined that the X-ray evidence did not entitle Elswick to a presumption of entitlement to benefits under § 727.203(a)(1), but that the pulmonary function study evidence did invoke the presumption under § 727.203(a)(2). Sections 727.203(a)(3) and (4) were not examined. The ALJ then found that the presumption of entitlement was rebutted under §§ 727.203(b)(3) and (4) because the weight of the evidence showed that Elswick's disability was not due to pneumoconiosis and that he did not have pneumoconiosis. The claim was also examined under Part 718 of the regulations, and it was concluded that the existence of pneumoconiosis was not established. Elswick appealed the denial of benefits to the Benefits Review Board. The Board found that although Elswick argued that he had established that he had pneumoconiosis and was totally disabled by the disease, he had conceded that rebuttal was established under §§ 727.203(b)(3) and (4), and the ALJ's decision was therefore affirmed. This appeal followed.
 
 
 3
 Upon review, it is concluded that the Board's decision must be vacated and the case remanded to the ALJ for further fact finding. Initially, it is noted that the Board erroneously concluded that Elswick had waived consideration of the issues in this case by his failure to cite to §§ 727.203(b)(3) and (4). His brief to the Board raised the issues covered by those sections on the merits, and therefore there was no waiver. Cf. Hix v. Director, Office of Workers' Compensation Programs, 824 F.2d 526, 527 (6th Cir.1987). Moreover, because of errors in the summary of the medical evidence contained in the ALJ's decision, the case must be remanded so that the accurate evidence can be reweighed. See Director, Office of Workers' Compensation Programs v. Rowe, 710 F.2d 251, 254-55 (6th Cir.1983).
 
 
 4
 Specifically, it is noted that in discussing the pulmonary function study evidence, the ALJ erroneously considered the results obtained by Dr. O'Neill to be qualifying despite Dr. O'Neill's statement that the test was invalid due to inadequate effort. The ALJ also erroneously stated that the test performed by Dr. Abernathy resulted in qualifying values, and refused to consider the results from Dr. Myers out of an erroneous belief that tracings of the test were not included in the record. In considering the physicians' reports, the ALJ failed to note that Dr. Broudy's opinion that Elswick's bronchitis was likely due to his smoking history and that he had no impairment from his coal mine employment was based on a belief that Elswick had a lengthy smoking history, which is contrary to the evidence in the record. Because the weighing of the evidence can only be done by the ALJ, and the ALJ in this case failed to accurately set out and discuss the medical evidence, a remand is required. See Rowe, 710 F.2d at 254-55.
 
 
 5
 Finally, the Director's argument on appeal that two negative readings of an X-ray were erroneously considered is misplaced. The Act bars re-readings by the Director of an X-ray that was originally read as positive by a qualified first reader. See Back v. Director, Office of Workers' Compensation Programs, 796 F.2d 169, 172 (6th Cir.1986). The X-ray in question was originally read as negative, and it was only the most recent reading which found it to be positive.
 
 
 6
 Accordingly, the decision of the Benefits Review Board is vacated and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.