38 F.3d 1216
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Lorene KILLION, Petitioner,
v.
GOLDUST COAL; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 94-3198.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Lorene Killion, pro se, petitions for review of the Benefits Review Board's decision denying her request for survivor's benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. This claimant filed for benefits as the surviving spouse of Roscoe Killion. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mrs. Killion filed her claim for benefits on November 11, 1989. Her claim was initially denied by the Department of Labor on May 17, 1990. A hearing on her claim was held on April 13, 1993, and an Administrative Law Judge (ALJ) issued a Decision and Order Denying Benefits on June 22, 1993. A date stamp on this Decision and Order shows that it was received by the Division of Coal Mine Workers' Compensation (DCMWC) in Washington, D.C., on June 25, 1993. By letter dated August 4, 1993, the claimant then appealed the ALJ's decision to the Benefits Review Board. The envelope that contained Killion's notice of appeal is postmarked August 6, 1993, and the appeal letter is stamped as received by the Board on August 10, 1993. In an order issued August 30, 1993, the Board acknowledged receipt of the claimant's letter, but dismissed the appeal as untimely, because Mrs. Killion did not file her notice of appeal within 30 days from the date upon which the ALJ's Decision and Order was filed in the Office of the District Director. See 20 C.F.R. Sec. 802.205. The Board denied Mrs. Killion's subsequent request for reconsideration.
 
 
 4
 In her petition, Mrs. Killion argues that her husband had black lung disease during his lifetime, along with the cancer that was the immediate cause of his death, and that pneumoconiosis played a part in causing her late husband's death so that she is entitled to black lung benefits. Mrs. Killion requests leave to proceed without the payment of filing fees and requests the appointment of counsel.
 
 
 5
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 The Board's Rules of Practice and Procedure require that a notice of appeal from an ALJ's decision and order must be filed within 30 days from the date upon which such a decision has been filed in the Office of the District Director. 20 C.F.R. Sec. 802.205(a). A decision and order is considered filed in the Office of the District Director when the order is served to all parties on the claim and when the original record of the claim is returned to the DCMWC. 20 C.F.R. Sec. 725.478. This court has held that the date of filing with the District Director rather than the date the ALJ's decision is issued triggers the 30-day period in which the claimant is entitled to appeal under the Board's regulations. Director, OWCP v. Seals, 942 F.2d 986, 987 (6th Cir.1991) (per curiam).
 
 
 7
 Because a file-date stamp on the ALJ's order clearly reveals that it was received by the DCMWC on June 25, 1993, Mrs. Killion's time to appeal the decision expired on July 25, 1993. Although the Board may have erred in concluding that the 30-day filing period expired on July 22, 1993, when the ALJ issued the order, Mrs. Killion's appeal dated August 4, 1993, postmarked August 6, 1993, and received by the Board on August 10, 1993, was initiated and filed beyond the thirty-day period allowed under Sec. 802.205. Thus, the Board's conclusion was proper that the appeal from the ALJ's decision was untimely.
 
 
 8
 Accordingly, Mrs. Killion's motion for leave to proceed without payment of fees is granted, her request for the appointment of counsel is denied, and her petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation